MARIAN CLARKE NICHOLS vs. KATHLEEN T. RYAN DACEY
& another.

Suffolk.    October 8, 1952. — January 2, 1953.

Present: QUA, C.J., WILKINS, SPALDING, & COUNIHAN, JJ.

*Mandamus.    Public Officer.    Administrative Board or Officer.*

The question whether there was error in a refusal of a judge to issue an
order of notice upon a petition for a writ of mandamus can be presented
by a bill of exceptions. [598]

An order of notice does not issue as a matter of course upon the filing of
a petition for a writ of mandamus, but only by direction of a judge in
instances where the petition on its face appears to present a matter
of substance proper for judicial consideration. [600]

Mandamus did not lie against members of a board of appeal in a State
department to set aside "all illegal action taken by the respondents in
excess of their statutory authority" during their tenure of office, to
order them generally "to perform their duties in accordance with the
law" in the future, and to compel them to repay to the Common-
wealth compensation "illegally obtained by them." [600–601]

PETITION for a writ of mandamus, filed in the Supreme
Judicial Court for the county of Suffolk on March 5, 1952.

The petitioner alleged an exception to a refusal by
*Ronan, J.,* to issue an order of notice on the petition.

*Anita G. Flaherty,* for the petitioner.

*Raymond F. Barrett,* for the respondent Dacey.

*Louis F. O'Keefe,* pro se, submitted a brief.

QUA, C.J.   The error asserted is the refusal of the single
justice to issue an order of notice upon this petition for a
writ of mandamus.   This question can be presented by bill
of exceptions.   G. L. (Ter. Ed.) c. 231, § 113, as amended
by St. 1945, c. 328.

Omitting allegations of law and allegations as to the ap-
pointment and report of a special investigating committee
of the Senate, which have no proper place in the petition,
the case presented by the petition is in substance this: The

petitioner is a citizen of the Commonwealth interested in the execution of the laws, and files this petition in behalf of herself and all other citizens. The respondent Dacey is the chairman and a paid member of the board of appeal which was established in the department of mental health by St. 1950, c. 764 (G. L. [Ter. Ed.] c. 19, § 7). The respondent O'Keefe is the other paid member. There was a "backlog of cases for the board to hear," but during the sixty-five days for which the respondents drew pay and signed pay vouchers "under penalties of perjury" the board visited no institutions and ascertained no facts as to the number, names, or locations of patients in mental institutions who had requested release and had been refused by the commissioner of mental health. The board did not perform its "official duties" and did not establish its organization and procedures or hold any hearings. It did not record its organization with the Secretary of the Commonwealth as required by G. L. (Ter. Ed.) c. 30, § 4. All three members of the board met only four times, but the two respondents acted separately and received compensation "illegally," when there were no meetings of the board, for "reading statutes, psychiatry, accounting manuals and mail, filling out forms, looking for office space and general organizational work." They performed no work in respect to hearing appeals from refusals of the commissioner to discharge patients. They received compensation for performing "official duties" which they never performed. They violated G. L. (Ter. Ed.) c. 66, § 6, by not designating some person as clerk.

The prayers are that the court set aside "all illegal action taken by the respondents in excess of their statutory authority"; that the court direct them "to perform their duties in accordance with the law"; and to repay to the Commonwealth "all monies illegally obtained by them in excess of their authority."

The statute, G. L. (Ter. Ed.) c. 19, § 7, inserted by St. 1950, c. 764, which sets up the board of appeal, defines its duties in this one sentence, "Said board shall hear and

determine appeals taken from decisions of the commissioner relative to the discharge of persons under either complete or limited supervision of the department." Nothing more is said as to the jurisdiction or procedure of the board. It is provided, however, that each of the two paid members, who are the two respondents, shall be compensated by a specified sum "for each day or portion thereof spent in the performance of his official duties."

In this Commonwealth it has not been the practice to order notice as a matter of course upon the filing of a petition for a writ of mandamus. In each case the petition is brought to the attention of a judge of the court, who examines it and orders notice to issue only if the petition on its face seems to present a matter of substance proper for judicial consideration. Mandamus was originally a prerogative writ. *McCarthy* v. *Street Commissioners of Boston*, 188 Mass. 338, 340. Its issuance is still in a large sense a matter of discretion. *Elmer* v. *Commissioner of Insurance*, 304 Mass. 194, 199–200. It is still generally classed with the so called extraordinary remedies. It is governed by special provisions of statute. G. L. (Ter. Ed.) c. 249, § 5, as amended. It commonly involves the performance by public officers of their official duties. It is proper that a proceeding of this kind should pass the preliminary scrutiny of a judge before the court issues its order to bring in persons named as respondents. It has been so decided. *Snyder, petitioner*, 284 Mass. 367, 369.

An examination of the petition in the present case immediately indicates that it does not present a proper case for a writ of mandamus. That remedy is appropriate to require a public officer to perform some particular official act or acts which it is his legal duty to perform and which he neglects or refuses to perform. *Scudder* v. *Selectmen of Sandwich*, 309 Mass. 373, 375, and cases cited. 3 Blackstone, 110, cited in *Marbury* v. *Madison*, 1 Cranch, 137, at page 168. *Kendall* v. *United States*, 12 Pet. 524, 614. 34 Am. Jur., Mandamus, § 2, and cases there collected. Here the petition does not seek to compel performance by the respondents

of any particular specified official act or acts which they are now neglecting or refusing to perform. Rather it seeks to have this court institute a general investigation of the entire past official conduct of the two respondents over an indefinite period of time, to classify whatever they have done as legal or illegal, to "set aside all illegal action," to order them generally in the future to perform their duties, and to determine whether they have earned their pay. A mere statement of the objects of the petition is enough to show that the court cannot entertain it. It is not the function of any court to exercise inquisitorial powers of this sort over the members of administrative boards. That is the function of another branch of the government.

We do not reach the further question whether in any event the petitioner has standing to bring the petition. See *Brewster* v. *Sherman*, 195 Mass. 222, 224–225; *Parrotta* v. *Hederson*, 315 Mass. 416, 418–419, and cases cited; *Sears* v. *Treasurer & Receiver General*, 327 Mass. 310, 314–315.

*Exceptions overruled.*