In the Matter of STATE REALTY CO. OF BOSTON, Inc., Alleged Bankrupt.

No. 140–55.

United States District Court
D. Massachusetts.
June 9, 1955.

Angus MacNeil, Somerville, Mass., for petitioner.

Sidney J. Kagan, Philip Cowin, Boston, Mass., for respondent.

FORD, District Judge.

Angus M. MacNeil, the original petitioner in this involuntary bankruptcy proceeding, has filed petitions for review of the actions of the referee denying the petition for appointment of a receiver, and dismissing the bankruptcy petition.

The referee, in dismissing the bankruptcy petition, relied on several different grounds. It is necessary to consider only one of these, that there was no qualified petitioning creditor. The original petition named MacNeil as the sole petitioning creditor. A more definite statement as to the nature of his claim was subsequently filed on order of the referee. Several additional petitions to intervene were filed by other persons claiming to be creditors. The referee found none of these to be a sufficiently qualified creditor. The petition for review claims that this finding was erroneous in regard to three of them, MacNeil, the original petitioner, and two intervening petitioners, MacNeil Bros. Company and Boston Development Corporation.

To qualify as a petitioning creditor, a creditor must set forth in his petition a provable claim, liquidated as to amount and not contingent as to liability. Bankruptcy Act, § 59, sub. b, 11 U.S.C.A. § 95, sub. b. The existence and nature of these claims should be set forth with such particularity that the court can find from the petition the essential jurisdictional facts, and if this requirement is not met the petition should be dismissed. In re St. Lawrence Condensed Milk Corp., 2 Cir., 9 F.2d 896; In re Silver, D.C., 109 F.Supp. 200, affirmed, 7 Cir., 204 F.2d 259.

The claim of MacNeil as set forth in the original petition was simply "Breach of contract $25,000". This tells practically nothing as to the nature of the claim. Clearly it does not set forth anything to show that the claim is liquidated as to amount. The claim is more extensively described in the petitioner's

more definite statement, but this still does not make clear just what the claim is, or that it is a liquidated one. It is alleged that MacNeil entered into a contract with Orlov, Cowin and Cohen whereby he delivered to them a note for $25,000 and a mortgage as security for payment of a debt, that the latter three assigned the agreement, with the note and mortgage to State Realty Co. of Boston, Inc. The best that can be gathered from the vague general language of the rest of the statement is that the gist of petitioner's complaint is that the alleged bankrupt refused to reassign the note and mortgage to MacNeil upon tender to somebody of some amount found by some court to be due to someone. There are also allegations that as a result of an action by another party against the alleged bankrupt, the note has now been voided by operation of law. In all of this there is no allegation of any contractual relationship between MacNeil and the alleged bankrupt, and hence nothing to show that MacNeil has any claim against State Realty Co. for breach of contract. At best the facts would seem only to show a possible claim against State Realty Co. for conversion of the note, which, the statement appears to allege, is now void and worthless anyhow. Such a claim cannot be said either to be not contingent or to be liquidated as to amount. In re Lawton, D.C., 119 F.Supp. 724.

The intervening petition of MacNeil Bros. Company was not verified under oath and could have been properly dismissed on that ground alone. Moreover the petition does not clearly set forth the existence of a liquidated and non-contingent claim. It states that the alleged bankrupt has failed to turn over to petitioner "the hurricane insurance", as ordered to do so by a court decree. It is not clear just what the words "the hurricane insurance" are meant to describe. There is an allegation that certain property in Somerville was covered by hurricane insurance in the amount of $2,938. But it is not clear just what the alleged bankrupt was to turn over. Was it an actual sum in cash collected for hurricane damage? Was it a claim in a definite amount which the insurance company had agreed to pay? Or was it merely an unliquidated claim which was to be assigned to petitioner? The petition does not say. The claim set forth is so vague that it cannot be said that the petition shows a claim liquidated in amount and not contingent as to liability.

The other intervening petition on which MacNeil relies is one which he filed on behalf of Boston Development Corporation. This petitioner sets forth a debt owed by the alleged bankrupt to the City of Somerville for water purchased by the alleged bankrupt for use on premises owned by the petitioner, which petitioner may have to pay to avoid a lien against its property. There is, however, no allegation that petitioner has paid. The debt as set forth is still one of the alleged bankrupt to the city. Unless and until petitioner pays the debt it will not be subrogated to the rights of the city. Its claim against the alleged bankrupt is a contingent one, and does not qualify it as a petitioning creditor.

The referee, therefore, was correct in his finding that there was no sufficient qualified petitioning creditor, either on the original petition or on the intervening petitions. This was sufficient reason for dismissing the petition for adjudication in bankruptcy, and it is not necessary to consider the other grounds for dismissal set forth by the referee in his memorandum.

It was agreed at the hearing that if the referee was right in dismissing the bankruptcy petition, then his dismissal of the petition for appointment of a receiver was also proper.

The petitions for review are dismissed and the orders of the referee are confirmed.