MacNEIL BROS. CO. *vs.* STATE REALTY COMPANY OF BOSTON, INC. January 4, 1956. Interlocutory decree sustaining demurrer affirmed. Final decree affirmed with costs of the appeal. This bill in equity asks the Superior Court to remove a cloud on a title allegedly resulting from a mortgage "that may possibly be now held by the defendant" and from the defendant's possession under it, and to enter a declaratory decree determining the effect of the mortgage on the property. The defendant's demurrer was rightly sustained. A bill will lie to remove a cloud on a title only if legal title and actual possession are united in the plaintiff. *First Baptist Church of Sharon* v. *Harper*, 191 Mass. 196, 209. *Vitelli* v. *Ryder*, 329 Mass. 119, 123. The only suggestion of matter in controversy between the parties (G. L. [Ter. Ed.] c. 231A, § 1, inserted by St. 1945, c. 582, § 1) is in respect of the effect of a "final decree . . . decreeing redemption" of the subject property, entered in the Superior Court in other litigation between the parties, and of a subsequent "order" therein "which apparently may have been an attempt to modify or change the final decree" and "may have been entered by the court without right," and also the effect of the plaintiff's alleged recording of that "final decree" pursuant to G. L. (Ter. Ed.) c. 183, §§ 43 and 44, as amended. No actual controversy is stated and the possibility or probability is not negatived that whatever points are at issue are resolvable in due course of that other litigation on appeal or in the Superior Court. The bill does not contain a clear and precise statement of all the material facts adequate to inform the defendant and the court of the nature of the plaintiff's claim. *Bressler* v. *Averbuck*, 322 Mass. 139, 142.

*Angus M. MacNeil*, for the plaintiff.
*Phillip Cowin*, for the defendant.