### In the Matter of STATE REALTY CO. OF BOSTON, Inc., Alleged Bankrupt.
### No. 824-55.

United States District Court
D. Massachusetts.
May 23, 1957.

Angus MacNeil, Somerville, Mass., for petitioner.

Phillip Cowin, and Sidney J. Kagan, Boston, Mass., for Bankrupt.

FORD, District Judge.

This is a petition for review of an order of the referee dismissing an involuntary petition in bankruptcy, as well as certain other orders of the referee granting or denying certain motions made in the course of the proceedings prior to dismissal.

This is the third in a series of petitions filed against the alleged bankrupt by one MacNeil or corporations such as Boston Development Corporation, petitioner here, controlled by MacNeil.[1] As part of the same general controversy numerous other proceedings have been brought in this court and in the Massachusetts state courts.

Petitioner here is the sole creditor filing the bankruptcy petition. It states its claim as follows:

"Money had and received of Petitioner from October 1, 1955 to October 31, 1955 . . . $1,246.00

"Money had and received of Petitioner from November 1, 1955 to November 30, 1955 . . . $1,246.00

"And for other debts".

■ The referee dismissed the petition on the ground that Boston Development Corporation was not a qualified petitioning creditor, since the petition failed to set forth a claim fixed as to liability and liquidated as to amount. Bankr. Act, § 59, sub. b, 11 U.S.C.A. § 95, sub. b. The claim in a bankruptcy petition must allege the existence and nature of the debt with such particularity and definiteness as to enable the court to find from the petition the essential jurisdictional facts. In re Silver, D. C., 109 F.Supp. 200, 203, affirmed, 7 Cir., 204 F.2d 259.

■ The claim here, as the referee found does not conform to these requirements. It does not allege from whom

---

1. The others were (1) D.C., 131 F.Supp. 554, dismissed by the referee, dismissal confirmed by this court on June 9, 1955, appeal dismissed, MacNeil v. State Realty Co. of Boston, Inc., 229 F.2d 358; and (2) D.C., 137 F.Supp. 69, heard by this court on the referee's certificates together with this petition and recommitted to the referee in accordance with a memorandum of this date.

the money was received. It alleges nothing to show that petitioner was entitled to receive any rents collected by the alleged bankrupt. Clearly it cannot be ascertained from the statement of the claim that the petitioner has a claim which qualifies it to act as a petitioning creditor.

The real nature of the claim set forth in this petition can only be fully understood in the light of the basic facts of the underlying controversy between the parties, which appeared in the hearings on the related petitions, and as to which there seems to be no dispute. In 1950 MacNeil Bros. Company, a corporation controlled by MacNeil, gave to MacNeil a note and a mortgage covering certain real estate in Cambridge and Somerville. These he assigned to certain individuals who then formed State Realty Company of Boston, Inc., a Massachusetts corporation, and assigned to it the note and mortgage. It appears that this note and mortgage are substantially the only corporate assets. State Realty Company has taken possession of these properties as mortgagee and has brought proceedings to foreclose the mortgage. MacNeil Bros. Company has brought proceedings to redeem the property from foreclosure. These actions are still in the process of litigation. State Realty Company of Boston, Inc., v. MacNeil Bros. Company, Mass., 135 N.E.2d 291.

■■ The claim asserted in this petition appears to be that of one claiming under the right of the mortgagor to the rents collected by the mortgagee in possession. Such collection of rents does not of itself give rise to a debt of the mortgagee in favor of the mortgagor. How much, if any, of any particular monthly rent collection is owed to the mortgagor cannot be ascertained until an accounting is eventually had between the parties. Such an accounting is now in fact the subject of litigation in the Massachusetts courts, so that at the present time there is no debt of the mortgagee, liquidated as to amount, arising out of its rent collections.

The order of the referee dismissing the involuntary petition in bankruptcy is confirmed and the petition for review is dismissed.