MacNEIL BROS. COMPANY, Boston Development Corp., Adrian Corporation, Belknap Corporation, Concord Corporation, Delmont Corporation, Somerville Milling Company, Shade Slat Corporation, Garden Homes, Inc., Angus M. MacNeil,

v.

Wallace M. COHEN.

No. 9793.

United States District Court
D. Maryland,
Civil Division.

Jan. 10, 1958.

Angus M. MacNeil, Somerville, Mass., for plaintiffs.

James H. Langrall and Weinberg & Green, Baltimore, Md., and Philip Cowin, Boston, Mass., for defendant.

THOMSEN, Chief Judge.

Among the welter of motions already filed in this action are defendant's motion to quash the service of process on him, defendant's motion to dismiss, defendant's motion to transfer the action to the United States District Court for the District of Massachusetts, plaintiffs' motion to transfer to the District of Columbia, and motions for summary judgment filed by each side.

At the hearing on these motions held today, James H. Langrall, attorney for defendant, appearing generally, waived in open court defendant's objections to the service of process, and agreed that if the case is transferred to the District of Massachusetts defendant will not contend that the action could not properly have been brought in that district.

If the action is not dismissed, it should certainly be transferred to the District of Massachusetts under 28 U.S.C.A. § 1404(a), for the convenience of parties and witnesses and in the interests of justice. However, I cannot fairly deliver to a brother judge this prickly plant which sprouts new motions every few days without first considering the motion to dismiss.

The complaint is confusing, especially in its allegations of various proceedings in the State Courts of Massachusetts; however, the motion to dismiss refers to these and other proceedings in the Massachusetts courts, and the parties agreed that in passing on the motion to dismiss I should consider a great many judgments, decrees and orders, copies of which were marked for identification. After reading those documents, I am satisfied that a proper ruling on the motion to dismiss requires a consideration of many questions of Massachusetts law and practice, with which this court is unfamiliar, but which would be familiar to a judge of the District Court for the District of Massachusetts. I have reluctantly concluded, therefore, that I should

transfer the case to that court at this time.

Defendant has filed motions ne recipiatur to a number of plaintiffs' motions, and other papers, including a request for admission of facts (paper No. 19) filed October 23, 1957, because of plaintiffs' failure to comply with Rule 3 of this court requiring resident counsel. These motions are not granted, but I will extend the time for defendant to comply with or file answers or objections to that request for admission of facts and any other open matters until thirty days after the file in this case is received by the Clerk of the United States District Court for the District of Massachusetts.