Rescripts.

BRIGHAM'S CAFE, INC. *vs.* SUPERIOR COURT. February 27, 1958. Petition dismissed. The petitioner appeals from the refusal of a single justice to issue an order of notice upon a petition for writ of mandamus. The petition seeks an order to "the Superior Court to cause adequate orders to be entered and enforced to compel the restoration of the property of the petitioner taken from the control and custody of the court through its receiver." It is alleged that in April, 1954, in the Superior Court a receiver of the petitioner's assets was appointed; that in January, 1956, the order was vacated; that in the meantime a third person, whose name is given, interfered with those assets; that his acts constituted contempt; that the plaintiff filed a "petition for contempt of court"; but that a judge of the Superior Court refused to issue an order of notice. It does not appear that any appeal from any order of the Superior Court was taken. The petition for a writ of mandamus plainly will not lie as a substitute for ordinary appellate procedure. *Rines* v. *Justices of the Superior Court,* 330 Mass. 368, 371–372. Further, this remedy is in large sense discretionary. *Nichols* v. *Dacey,* 329 Mass. 598, 600–601.

*Angus M. MacNeil,* for the petitioner.

*Edward F. Mahony,* Assistant Attorney General, for the respondent, was not called on.

MYER L. ORLOV & others *vs.* ANGUS M. MACNEIL & others. February 27, 1958. Appeal dismissed. Exceptions overruled. This is an action of contract in which the plaintiffs recovered judgment against the defendant MacNeil in the sum of $10,079.12, on which an indorsement of satisfaction in the sum of $7,959.40 was made. The defendant MacNeil filed a motion for orders for compliance with G. L. (Ter. Ed.) c. 235, § 17, as amended by St. 1948, c. 113, which was denied. At the hearing on the motion no evidence as such was presented except an affidavit and the execution and papers in prior cases. The trial judge made the statement: "Counsel for the defendant referred to proceedings in the instant case and another case in the Superior Court and a decision of the Supreme Judicial Court and argued therefrom that the judgment and judgment entered were satisfied in full; examination of the records referred to, in my opinion, does not warrant a finding or ruling that the judgment has been satisfied in full or the execution issued thereon. In consequence thereof, I deny the motion." The defendant MacNeil excepted and appealed. His bill of exceptions has been allowed. We shall dismiss the appeal. We consider the exceptions which on this record fail to show error.

*Angus M. MacNeil, pro se.*

*Philip Cowin,* for the plaintiffs.