**MacNEIL BROS. COMPANY et al.,**
v.
**Wallace M. COHEN.**
Civ. A. 58-81-A.

United States District Court
D. Massachusetts.

April 23, 1958.

See also 158 F.Supp. 126.

Angus M. MacNeil, Somerville, Mass., for plaintiff.

Phillip Cowin, Fox, Orlov & Cowin, Boston, Mass., for defendant.

ALDRICH, District Judge.

This is a motion to dismiss a complaint under which some nine corporations seek recovery for failure to discharge a mortgage, with consequential and other damages hereinafter partially described. The principal plaintiff is MacNeil Brothers Company. As is seemingly customary with this plaintiff, it has surrounded itself with a number of phantasmagorial companions, for no alleged or readily apparent purpose. The action must be dismissed as to all plaintiffs except MacNeil Brothers Company, which will hereafter be termed the plaintiff. As to it the complaint does purport to state facts which allegedly constitute a wrong to it by the sole defendant, Cohen. Until paragraph 14 of the complaint plaintiff is alleging that the wrongful failure to discharge the mortgage was the act of Cohen. In par-

agraph 14, however, it alleges that this act was actually done by a Massachusetts corporation, State Realty Company of Boston, Inc., which was organized by Cohen and his alleged partners.

Examining the complaint more fully, the first five paragraphs cover introductory matter, concluding with the statement that this is a civil (diversity) action sounding in tort. Paragraph 6 alleges that in 1949 plaintiff gave a mortgage, which was in due course transferred to the defendant to secure a judgment sought by defendant against plaintiff and others; that a judgment was obtained, and that not having been paid, defendant foreclosed the mortgage. In paragraph 7 it is alleged that plaintiff brought a suit to redeem in the Massachusetts court; that the amount due was there determined, and thereafter paid by plaintiff into court. Paragraph 8 states that the mortgage was thereupon discharged. There is a further allegation that "apart from the provisions of the decree," the debt was discharged, and the mortgage became "functus officio." In subsequent paragraphs it is alleged that the defendant appealed this decree to the Supreme Judicial Court, whose opinion is reported as State Realty Co. of Boston, Inc., v. MacNeil Bros. Co., 334 Mass. 294, 135 N.E.2d 291. In paragraph 13 it is alleged that the defendant is a partner of Fox, Orlov and Cowin, and in paragraph 14 that the partnership organized State Realty as a fraud, instrumentality and sham. The rest of the complaint is a recitation of the recovery plaintiff seeks.

██ Approaching this complaint with a desire to find a cause of action, if cause of action there be, might justify the following analysis: that State Realty and the defendant are one; that in the state court proceedings, to which defendant was a privy because of this oneness, it was determined that plaintiff had a right to redeem its mortgage by a payment into court; that this payment was made; that the decree was thereafter reversed (334 Mass. 294, 135 N.E.2d 291, supra, incorporated into the complaint, and of which I take notice), the court holding that the right to redeem had not yet been established. There is a further allegation, already mentioned, that the mortgage had been discharged "apart from the provisions of the decree." It is not clear what basis there can be for this conclusion. It would seem to stand contradicted by virtue of the Massachusetts decision to which plaintiff is a party and defendant is privy.

██ In this posture plaintiff seeks damages under Mass.G.L. Ch. 183, § 55, for failure to discharge the mortgage. Recovery here is expressly contingent upon full performance by the mortgagor. This has not been shown, but, if anything, the contrary. It also seeks damages in tort under Ch. 242, § 6, for waste. This statute is conditioned upon a prior recovery of judgment by the mortgagor, which the record shows has not been effected. Finally, claim is made for other alleged injury, such as malicious abuse of process. These claims are entirely without supporting justification. Nowhere is a cause of action set forth. The complaint is dismissed, with leave to move to amend within 20 days.