Rescripts.

MacNeil Bros. Company vs. Superior Court. May 15, 1958. Petition dismissed. This is a petition for a writ of certiorari upon which the single justice rightly refused to issue an order of notice. *Garden Homes, Inc.* v. *District Court of Somerville*, 336 Mass. 432, 434, 435. It is an attempt to obtain a review in an irregular manner of proceedings subsequent to the rescript in *State Realty Co. of Boston, Inc.* v. *MacNeil Bros. Co.* 334 Mass. 294. As pointed out by the single justice in his order, certiorari cannot be used as a substitute for ordinary appellate procedure. *Rines* v. *Justices of the Superior Court,* 330 Mass. 368, 371–372.

Angus M. MacNeil, for the petitioner.
No argument nor brief for the respondent.

MacNeil Bros. Company vs. Superior Court. May 15, 1958. Petition dismissed. This is a petition for a writ of mandamus upon which the single justice rightly refused to issue an order of notice. *Garden Homes, Inc.* v. *District Court of Somerville,* 336 Mass. 432, 434, 435. It is an attempt to obtain a review in an irregular manner of proceedings subsequent to the rescript in *State Realty Co. of Boston, Inc.* v. *MacNeil Bros. Co.* 334 Mass. 294. As pointed out by the single justice in his order, mandamus cannot be used as a substitute for ordinary appellate procedure. *Rines* v. *Justices of the Superior Court,* 330 Mass. 368, 371–372.

Angus M. MacNeil, for the petitioner.
No argument nor brief for the respondent.

Charles V. Hogan vs. Lyndon H. LaRouche. May 19, 1958. Order denying jury issues affirmed. This is an appeal from an order of the Probate Court denying a motion to frame issues for a jury in the matter of the allowance of a will of Ella S. LaRouche, late of Lynn. The decedent died January 22, 1957, leaving as her only heirs a daughter Edith Preston, who was the sole beneficiary named in the will, and a son Lyndon H. LaRouche, who contests its allowance. The appeal is prosecuted only in respect to the issue whether the will was procured by the fraud and undue influence of Edith Preston and her husband Herbert E. Preston. From statements by counsel of expected evidence, it appears that, although eighty-six years of age when the will was executed on April 21, 1955, the decedent was a woman accustomed to making her own business judgments, competent to care for her property, and unlikely to be subject to the influence of others in her disposal of it. It is plain that the averments of undue influence are based mainly on suspicion and conjecture. *Flynn* v. *Prindeville*, 327 Mass. 266, 269. There was no error in the order of the judge. See *Neill* v. *Brackett*, 234 Mass. 367; *Fuller* v. *Sylvia*, 240 Mass. 49; *Hannon* v. *Gorman*, 296 Mass. 437.

Michael J. Reardon & John A. Murphy, for the contestant, submitted a brief.
John J. Foley, for the proponent.