MacNEIL BROS. COMPANY et al., Plaintiffs-Appellants,

v.

Wallace M. COHEN, Defendant-Appellee.

No. 5453.

United States Court of Appeals
First Circuit.

March 5, 1959.

See, also, 264 F.2d 186.

Angus M. MacNeil, Somerville, Mass., on memorandum of appellants in opposition to motion to dismiss.

Phillip Cowin, Boston, Mass., on motion of appellee to dismiss and memorandum in support thereof.

Before MAGRUDER, Chief Judge, and WOODBURY and HARTIGAN, Circuit Judges.

PER CURIAM.

We have before us a motion to dismiss filed by the appellee in another case brought by Angus M. MacNeil, Esq., as co-plaintiff with various Massachusetts corporations. As we observed in MacNeil Bros. Co. v. State Realty Company of Boston, Inc., No. 5440, 1 Cir., 262 F.2d 364, 367, it seems "impossible for MacNeil to present appeals to this court unembarrassed by some procedural snarl". Certainly the present mixed-up case is no exception.

The case was started on its way by the filing on July 11, 1957, in the United States District Court for the District of Maryland, of a diversity complaint in tort for damages by MacNeil Bros. Company, eight other Massachusetts corporations, and Angus M. MacNeil individually, against Wallace M. Cohen as sole defendant. It was asserted in the complaint that during the period involved Cohen was a partner in the law firm of Fox, Orlov & Cowin and fully liable for the tortious conduct of his co-partners. MacNeil bombarded the court with various motions. One of these was a motion on behalf of the plaintiffs asking the Maryland district court to transfer the case to the United States District Court for the District of Columbia, under 28 U.S.C. § 1404(a). However, the court chose to grant a motion by appellee that the case be transferred to the District of Massachusetts. Referring to a motion to dismiss which had been filed by the appellee, but not disposing of it, Chief Judge Thomsen of the United States District Court for the District of Maryland, 158 F.Supp. 126, stated as follows:

"If the action is not dismissed, it should certainly be transferred to the District of Massachusetts under 28 U.S.C.A. § 1404(a), for the convenience of parties and witnesses and in the interests of justice. However, I cannot fairly deliver to a brother judge this prickly plant which sprouts new motions every few days without first considering the motion to dismiss.

"The complaint is confusing, especially in its allegations of various proceedings in the State Courts of Massachusetts; however, the motion

to dismiss refers to these and other proceedings in the Massachusetts courts, and the parties agreed that in passing on the motion to dismiss I should consider a great many judgments, decrees and orders, copies of which were marked for identification. After reading those documents, I am satisfied that a proper ruling on the motion to dismiss requires a consideration of many questions of Massachusetts law and practice, with which this court is unfamiliar, but which would be familiar to a judge in the District Court for the District of Massachusetts. I have reluctantly concluded, therefore, that I should transfer the case to that court at this time."

When the case thus got on the docket in the District of Massachusetts on January 22, 1958, protracted proceedings followed, and finally, on October 6, 1958, the district court entered judgment dismissing the complaint. An accompanying opinion expressed the view that the original complaint, seen in its most favorable light, stated no cause of action and that an attempted amendment to the complaint had not cured the defect.

The losing plaintiffs filed, on December 1, 1958, a single notice of appeal. This document purported to take an appeal from nine separate orders or judgments of the United States District Court for the District of Massachusetts entered in the course of the proceeding. The numbering of these court orders is preserved herein as stated in the notice of appeal, but corrections have been made in the dates given and the orders have been rearranged by us in chronological sequence. The orders or judgments thus sought to be reviewed are:

(3) Opinion and order of April 23, 1958, 163 F.Supp. 106, granting appellee's motion to dismiss complaint, on the ground of failure to state a cause of action, with leave to the plaintiffs to move to amend the complaint within twenty days.

(1) "Denial" of a motion filed by the plaintiffs on June 13, 1958, for "fusion and consolidation" of the present case with a case of similar subject matter entitled MacNeil Bros. Co. v. Fox, Orlov & Cowin. We cannot find in the certified record any evidence that the district court ever acted upon this motion. This really makes no difference, for reasons we are about to indicate; and we shall assume for present purposes that the court entered an order denying the said motion.

(4) "Denial" of a motion by plaintiffs filed September 22, 1958, requesting transfer of the case to the District Court for the District of Columbia. Again, we cannot find that the district court ever disposed of this motion, but it makes no difference. An oral motion to transfer the case to the District of Columbia was, however, made, and was denied on September 29, 1958. It is interesting to note that plaintiffs did not purport to take an appeal from the order of September 29, 1958, denying this oral motion, although we assume this alone would not preclude them from assigning it as an error relied upon.

(2) Order of denial entered September 29, 1958, of a motion made on the same day seeking the entry of a default judgment.

(5) Opinion and order of October 6, 1958, denying a motion by plaintiffs filed May 11, 1958, seeking to amend the complaint, on the ground that the complaint as proposed to be amended would still be insufficient.

(9) Judgment entered October 6, 1958, dismissing the complaint.

(6) Order of October 17, 1958, denying plaintiffs' motion to vacate and to reconsider, which was filed on October 10, 1958. Assuming for present purposes that this motion was duly served on the defendant's attorney, it was a timely motion to vacate, under Rule 59, 28 U.S.C., and thus tolled the running of the statutory period for taking an appeal. So, under Rule 73(a) of the Federal Rules of Civil Procedure, the plaintiffs had thirty days from October 17, 1958, within which to file the notice of

appeal from this order of denial. The notice of appeal filed December 1, 1958, was therefore untimely and insufficient to confer upon us jurisdiction to review the order refusing to vacate.

■ (7) Order of October 30, 1958, denying a motion filed by plaintiffs on October 27, 1958, to vacate the orders entered under (5) and (6), supra. It is obvious that this motion was not timely filed under Rule 59, since it was filed more than ten days after the judgment of October 6, 1958, dismissing the complaint. It follows that the motion did not toll the time for taking an appeal from the judgment under Rule 73(a). The district court had no power to grant the relief sought in the motion, and hence the motion must be treated as a nullity. See Jusino v. Morales & Tio, 1 Cir., 1944, 139 F.2d 946. Moreover the thirty-day period for taking an appeal from the order of denial of October 30, 1958, ended on Saturday, November 29, 1958; and the notice of appeal in this case filed Monday, December 1, 1958, was untimely even as to it. See Rule 6(a) of the Federal Rules of Civil Procedure, and Casalduc v. Diaz, 1 Cir., 1941, 117 F.2d 915, certiorari denied *sub nom.* Casalduc v. Diaz Gonzalez, 1941, 314 U.S. 639, 62 S.Ct. 74, 86 L.Ed. 512.

(8) Order entered November 3, 1958, denying a motion filed on November 3 asking for "Vacation of Orders of October 30, 1958."

■ From the foregoing it is apparent that none of the orders numbered (1) through (5) of the single notice of appeal filed December 1, 1958, constituted a final decision from which an appeal could be taken. But if these interlocutory rulings infected with error the final judgment of dismissal of the complaint, a proper appeal from this final judgment of dismissal entered October 6, 1958, would bring up for review any of such interlocutory orders, as well as any other such rulings that were not cited. But there has been no effective appeal from the final judgment of October 6, 1958, dismissing the complaint. As we have seen, the appeal time was tolled by a timely motion to reconsider, but as this motion was denied on October 17, 1958, an appeal had to be taken within thirty days thereafter in order to bring up for review the final judgment of dismissal.

Of course it may be doubted whether a discretionary order of the district court under 28 U.S.C. § 1404(a) is subject to review in a court of appeals, especially since the Maryland district court transferred the case to the District of Massachusetts rather than the District of Columbia. See In re Josephson, 1 Cir., 1954, 218 F.2d 174. At any rate, if the district court was right as a matter of law in its conclusion that the complaint and proposed amended complaint failed to state a good cause of action, then denial of a motion under 28 U.S.C. § 1404(a) to transfer the case to the District of Columbia would seem to have become moot. In addition to all that, the notice of appeal filed December 1, 1958, was out of time and insufficient to give us jurisdiction to review the final judgment of dismissal or the proceedings leading up to it.

Items (6), (7) and (8), from which plaintiffs attempt to take appeals, were all orders made by the district court after it had entered its final judgment of dismissal. For the reasons above indicated, the orders referred to in items (6) and (7), supra, are not now before us on review. The notice of appeal was timely only in respect to the order mentioned in item (8), but the attempt to appeal from this order of November 3, 1958, was patently frivolous, for this order adjudicated only two things: (a) it refused to vacate the denial of the October 27 motion, which action was clearly right since the motion was a nullity and the court had no power to grant the relief sought; (b) it declined to entertain another motion, apparently one filed on November 3, 1958, for transfer of the case to the District of Columbia on the ground that such a motion could

not be made after the entry of the judgment dismissing the complaint. This action was clearly right also.

It results from this analysis that we must grant *in toto* appellee's motion to dismiss this appeal. But there is another self-sufficient ground which requires the same result.

The motion to dismiss objects on various grounds to the sufficiency of the cost bond filed on behalf of appellants. There seems almost to be a perversity on the part of MacNeil in the matter of compliance with what ought to be regarded as a simple procedural requirement. See MacNeil Bros. Co. v. State Realty Company of Boston, Inc., No. 5440, 1 Cir., 262 F.2d 364. Under Rule 73(c) of the Federal Rules of Civil Procedure, a bond for costs on appeal "shall be filed with the notice of appeal." After such bond is filed, "an appellee may raise objections to the form of the bond or to the sufficiency of the surety for determination by the clerk." In the present case there was no cost bond "filed with the notice of appeal." Therefore, before the docketing of the case in the appellate court, this defect could be cured only by a later filing, pursuant to an order of the district court, as required by Rule 73(e). We find in the files an undated motion in longhand to the district court on behalf of appellants asking "the Court for leave to file a bond on appeal forthwith." This document contains a handwritten notation as follows: "Jan. 12, 1959 Aldrich, J. Filed and Allowed after hearing ex parte. By the Court, John F. Davis, Deputy Clerk."

We do not understand that this action by the district judge undertook to pass upon the sufficiency in form of the bond proposed to be filed, if indeed the district judge had authority to do so at an ex parte hearing. So far as we can see, nothing which has transpired would preclude appellee from urging to this court in the present motion that the appeal bond on file is insufficient to afford to him the protection to which he is legally entitled.

 The bond on file purports to be the obligation of MacNeil Bros. Company, the eight other Massachusetts corporations, and Angus M. MacNeil individually, together with that of a surety on the bond, one Thomas J. Walsh of Everett. The names of corporate appellants were affixed by MacNeil in the form shown by the following example (without their seals): "MacNeil Bros. Company by A. M. MacNeil prin fin off". No resolution by the board of directors of MacNeil Bros. Company (or any other corporate appellant) is appended to show that the respective companies have ever authorized A. M. MacNeil as "prin fin off" to sign their names to any bond. For Concord Corporation, which is one of the appellants and one of the principals named in the bond, there is not even a purported signature affixed by MacNeil or by anybody else.

It seems clear from the above that the surety on the bond is not obligated thereon. See Russell v. Annable, 1871, 109 Mass. 72.

In view of what we have said, and pursuant to the authority granted us by the second paragraph of Rule 73(a), we think that the present motion to dismiss should also be granted on the alternative ground of the insufficiency of the cost bond.

A judgment will be entered dismissing the appeal.