IDA JACOBS & another *vs.* WM. FILENE'S SONS COMPANY, INC. May 27, 1959. Exceptions overruled. In this action of tort by Ida Jacobs, hereinafter called the plaintiff, to recover for personal injuries and by her husband to recover consequential damages, the plaintiff, who was the only witness, testified that she fell while walking down a flight of metal stairs in the defendant's store. She "perhaps had walked down one step, and I must have, I don't know how it happened, but the first thing I knew I was falling, so I grasped, went for the railing." After her fall she saw from the bottom of the stairs that they were very wet with "quite a lot of mud . . . it may have been about an inch or two" on them. There was no error in the direction of a verdict for the defendant. The cause of the plaintiff's fall was a matter of conjecture. It does not appear that it resulted from negligence for which the defendant was responsible rather than from a cause for which it was not. *Brown* v. *Bangs*, 306 Mass. 551. *Connolly* v. *Boston Elev. Ry.* 309 Mass. 177, 179. *Howe* v. *Boston*, 311 Mass. 278, 281.

*Albert R. Mezoff*, for the plaintiff.

*Charles F. Choate*, for the defendant.

ANGUS M. MACNEIL *vs.* JUDGE OF THE SUPERIOR COURT. May 27, 1959. Judgment affirmed. The petitioner appealed from the entry of judgment dismissing this petition for a writ of mandamus after a hearing on demurrer. The purpose of the petition, which was filed on March 7, 1958, was to compel the respondent to decide three petitions for contempt brought against the petitioner for alleged violations of decrees of injunction entered in a suit in equity. The contempt petitions were heard on December 27, 1957, and the injunctions were vacated by order of another judge of the Superior Court on February 4, 1958. Contrary to an allegation of law in the present petition proceedings for contempt may be maintained for violation of an injunctive order even after it has ceased to be of binding force. *Wireless Specialty Apparatus Co.* v. *Priess*, 246 Mass. 274, 277. See *Joyce* v. *Hickey*, 337 Mass. 118, 123. The petitioner relies on *Marks* v. *Wentworth*, 199 Mass. 44, which is distinguishable. There the petitioner had been found guilty upon a complaint for assault and battery, and, it was held, was entitled to an order finally disposing of the prosecution. In the case at bar no decision has been rendered. The petitioner cites G. L. c. 220, § 14A (inserted by St. 1936, c. 206, §1), which provides that a judge of the Superior Court who has reserved a decision in a jury waived case "shall render his decision within four months from the date when the hearing was closed, or within such further time as the chief justice of said court may grant . . . ." There was no error. Four months had not elapsed when this petition was filed. Mandamus is in a large sense a discretionary remedy. *Nichols* v. *Dacey*, 329 Mass. 598, 600.

*Angus M. MacNeil*, pro se.

*Richard H. Gens*, Assistant Attorney General, for the respondent.