Rescript Opinions.

MacNeil Bros. Company *vs.* State Realty Company of Boston, Inc. March 7, 1966. A final decree after rescript was entered on February 27, 1958. Thereafter, on January 28, 1959, Angus M. MacNeil filed a special appearance, and on February 27, 1959, five corporations not previously party to the proceedings were allowed on motion to intervene. The defendant moved to vacate the order allowing the motion to intervene and to dismiss said motion, and moved also for rehearing on the motion to intervene. Additionally, the defendant moved to vacate the order on motion and to dismiss or strike the special appearance of MacNeil, as well as moving for a rehearing of its motion to strike the appearance of MacNeil. These four motions were denied and the defendant excepted. The final decree disposed of the case and there was no further power in the Superior Court to deal with it save upon a bill of review or in certain exceptional circumstances which do not apply here. *Smith* v. *Weeks,* 252 Mass. 244, 252. See *Kingsley* v. *Fall River,* 280 Mass. 395, 398. The appearance of MacNeil was a nullity. The duty of the Superior Court was "to follow implicitly the terms of the rescript and not to travel outside what . . . [was] there laid down." *Bourbeau* v. *Whittaker,* 265 Mass. 396, 399. Had it done so it is conceivable that there would not have been presented to us this further and useless question in a litigation which for nearly twelve years has placed a heavy burden on all connected in any way with it.

*Exceptions sustained.*

*Phillip Cowin* for the defendant.
*Esther M. Stevens* for the plaintiff.

Joseph L. Murphy *vs.* Charles F. Furcolo & others. March 8, 1966. This petition for leave to file a bill of review was properly dismissed in the Superior Court as "not based upon a ground for which a bill of review may be granted." If, as alleged, the assent of the petitioner's then counsel to the entry of a final decree dismissing his bill in equity in a suit in that court was without authority and contrary to instructions so that the petitioner had lost his day in court, that was a subject for consideration on a motion to set aside the decree, not for a bill of review. *Hyde Park Sav. Bank* v. *Davankoskas,* 298 Mass. 421, 423–425. See *Winchester* v. *Winchester,* 121 Mass. 127. Compare *Doris* v. *State Realty Co. of Boston, Inc.* 333 Mass. 425. We note from the original papers in the other suit that, after the entry of the final decree herein, the judge who had entered the final decree in that suit denied a motion to vacate that decree. There is no merit in the petitioner's contention that the final decree, because of ambiguity, shows error of law on the face of the record. The decree is in usual form; the assent of all parties to the dismissal at the conclusion of the petitioner's case was noted by the judge in his findings of fact and order for decree on the counterclaim and not, according to the original paper and its copy, before us as exhibit M, on the decree itself, as appears on a purported copy in the petitioner's brief. We think there was no basis for doubting that the decree was assented to; had there been, an appeal would have resolved the issue.

*Decree affirmed.*

The case was submitted on briefs.
*Richard L. Hull & Francis J. Vita* for the petitioner.
*Samuel Landa* for the respondent Hancock Raceway, Inc.