IDA YOUNG & another[1] *vs.* GERTRUDE YOUNG & another.[2] April 28, 1967. Gertrude and H. Henry Young appeal from an interlocutory decree confirming the master's report and from the final decree based upon the report which established, after an accounting, the interests of the several parties in the assets of a partnership engaged in the business of lending money and now in the process of dissolution. The conclusion of the master that H. Henry Young was not entitled to compensation for his services to the partnership was warranted by the subsidiary findings. A contrary conclusion was not required. See *Boyer* v. *Bowles,* 310 Mass. 134, 139–141. The master's allocation of capital to the parties was consistent with his subsidiary findings and with the stipulation executed in writing by the parties.

*Interlocutory and final decrees affirmed with costs to Ida and Leo Young.*

*Israel Bernstein* for Gertrude Young & another.
*Milton B. Goodman* for Ida Young & another.

PAUL K. O'NEILL *vs.* MUNICIPAL COURT OF THE CITY OF BOSTON. April 28, 1967. This is a petition for writ of mandamus by a former court officer of the Municipal Court of the City of Boston seeking an order of reinstatement. G. L. c. 213, § 1A. The single justice denied the application for an order of notice. *Nichols* v. *Dacey,* 329 Mass. 598, 600. The petitioner appealed. There was no error. The resignation of the petitioner was conclusive. *Martin* v. *City Manager of Worcester,* 349 Mass. 760.

*Order affirmed.*
*Petition dismissed.*

*George P. Connolly* for the petitioner.
No argument or brief for the respondents.

---

[1] Leo Young, husband of Ida, as intervener.

[2] H. Henry Young, husband of Gertrude, as intervener.