Rescript Opinions.

WILLIAM E. McKEON & others vs. MARVIN A. MEYERS & others. April 6, 1970. This is a petition brought to implement *Butler* v. *Haley Greystone Corp.*, remanded to the Land Court in 347 Mass. 478, and decided on appeal in *Butler* v. *Haley Greystone Corp.* 352 Mass. 252. The matters involved here were thoroughly discussed in those two opinions and further discussion is unnecessary in that the rights of the parties were there fully reviewed and determined. The correction of the appropriate certificate of title was properly ordered by the Land Court conformable to the rescripts from this court and there was no error in the decision before us on appeal. *New York Life Ins. Co.* v. *Embassy Realty Co. Inc.* 293 Mass. 352, 355–356.

*Decision affirmed with costs to the petitioners.*

*Colin W. Gillis* (*Thomas J. Bongiorno* with him) for the respondents.
*Bernard N. Abrams* for the petitioners.

JOSEPH L. MURPHY vs. CHARLES F. FURCOLO & others (and a companion case [1]). April 7, 1970. The plaintiff appeals from two final decrees entered in the Superior Court in two suits tried together pursuant to *Murphy* v. *Furcolo*, 353 Mass. 745. That rescript opinion described the principal issue at stake to be the ownership of a bond purchased by one of the defendants in that case during the bizarre course of events described in *Commonwealth* v. *Carson*, 349 Mass. 430, and held in the custody of the clerk of the Suffolk Superior Court for Civil Business. After hearing, the trial judge, who found the subject matter of the two suits before him identical, ruled that the trustee in bankruptcy of Hancock Raceway, Inc. was the beneficial owner of the bond for the benefit of the creditors of Hancock Raceway, Inc. and ordered the clerk to deliver it to his attorney. The evidence was not reported. There was no error. During the first trial of an earlier entered case, *Murphy* v. *Furcolo*, 350 Mass. 772, the plaintiff absented himself purposely from the trial. A final decree was entered in that case dismissing his bill. His subsequent motion to vacate this decree was denied, as was his petition for leave to file a bill of review, an action we upheld in *Murphy* v. *Furcolo*, 350 Mass. 772. The court properly ruled that the final decree in the first case was res judicata as to the plaintiff's claims in these cases. See *Ratner* v. *Rockwood Sprinkler Co.* 340 Mass. 773, 776. The facts found by the judge amply support his decrees, which hopefully bring to a close this long litigation steeped in chicanery and deceit. *Kittredge* v. *Manning*, 317 Mass. 689, 691.

*Decrees affirmed.*

*Richard L. Hull* for the plaintiff.
*Samuel Landa* for Hancock Raceway, Inc.