STATE REALTY COMPANY OF BOSTON, INC. *vs.* MACNEIL BROS. COMPANY & another.

Middlesex.   November 4, 1970. — December 14, 1970.

Present: TAURO, C.J., SPALDING, KIRK, REARDON, & QUIRICO, JJ.

*Equity Pleading and Practice*, Dismissal of suit.

Courts have an inherent power to dismiss cases for want of prosecution. [379]

Where the record of a suit in equity by the holder of a real estate mortgage for authority to foreclose disclosed that no action was taken by the plaintiff or the defendant mortgagor in the proceedings between the time of filing in the Superior Court of the rescript of this court upon appeals by both parties from the final decree and the time of filing of a motion by the defendant almost eleven and one-half years later for entry of a final decree after rescript, and that then both parties appealed from the final decree after rescript, this court held that both parties had forfeited any right to entry of a final decree after rescript and to review by this court of any such decree by reason of their utter neglect and abandonment of the case for such a long period after filing of the rescript, and the final decree after rescript was ordered vacated and a new final decree ordered entered dismissing the bill and the defendant's counterclaim, if any. [378, 380]

BILL IN EQUITY filed in the Superior Court on August 10, 1954.

A final decree after rescript was entered by *Ponte*, J., on February 23, 1968, after a hearing.

*Phillip Cowin* for the plaintiff.

*Esther M. Stevens* for the defendants.

QUIRICO, J. This case is before us once again, this time on an appeal and a bill of exceptions of each of the principal

parties, the plaintiff State Realty Company of Boston, Inc. (State) and the defendant MacNeil Bros. Company (MacNeil). Each party claims to be aggrieved by the final decree entered by the Superior Court on February 23, 1968, pursuant to our opinion and order of June 8, 1956, reported in 334 Mass. 294, and by other action of that court in relation to that decree.

Both appealing parties contend that the final decree after rescript does not conform to the prior order of this court. State further contends in its bill of exceptions that because of the entry of final judgment in other litigation between the same parties since our opinion in 334 Mass. 294, and for other reasons, it was entitled to have the case which is now before us dismissed; and that the trial judge erred in denying its motion to such effect filed on October 23, 1967. MacNeil's bill of exceptions relates solely to the action of the trial judge in allowing counsel for State to affix his signature to a designation of record on appeal. When filed the designation bore the typed name of counsel but not his signature.

A brief recital of the background and history of this case will be sufficient to demonstrate the basis for the action which we feel compelled to take on the appeals and exceptions before us.

Prior to 1950, Angus M. MacNeil, then a lawyer, retained a law firm to represent him in connection with some litigation. In 1950 a dispute arose between Mr. MacNeil and the law firm over the legal fees charged by the firm. The law firm sued Mr. MacNeil and two corporations controlled by him for the fees and threatened to attach their real estate. In lieu of the threatened attachment the corporate defendant MacNeil gave Mr. MacNeil a demand note for $25,000 secured by a mortgage of twenty-one parcels of real estate in the greater Boston area. Mr. MacNeil then assigned the note and mortgage to the law firm to secure the payment of any judgment which it might recover for the fees due it. On June 29, 1954, the law firm assigned the note and mortgage to State. The rights and liabilities of

State and MacNeil under the note and mortgage have been the subjects of litigation between them almost continuously since that assignment.

The particular case in which the present appeals and exceptions arise is but one of numerous legal proceedings which have been brought by State and MacNeil against each other in various State and Federal Courts. This case was started on August 10, 1954, when State filed a bill in equity under the provisions of the Soldiers' and Sailors' Civil Relief Act of 1940, 50 U. S. C. (1952) Appendix §§ 501, 532, and under St. 1943, c. 57, as amended in § 1 by St. 1945, c. 120, § 1, seeking permission to foreclose the mortgage in question. In its answer to the bill MacNeil denied it was in default and alleged that it was ready, able and willing to pay off any obligation legally due thereon, but that State "has objected to this procedure." On September 3, 1954, MacNeil filed a bill in equity for redemption from the same mortgage. The two cases were consolidated for trial.

The controversy between State and MacNeil has placed a great burden on the courts of the Commonwealth. This case was entered on August 10, 1954, and it and the companion case were heard and decided by a judge of the Superior Court by November 16, 1954. A final decree was entered in each case on November 26, 1954, and both parties appealed therefrom. We take judicial notice of the fact that this result was possible only by advancing the cases over other cases which had been awaiting trial for a much longer time. After the decision by the Superior Court the parties spent about one year in perfecting their record on appeal to this court.

This court disposed of the appeals on June 8, 1956, by its opinion in 334 Mass. 294. It dismissed the appeals by MacNeil and it ordered modifications of the final decrees in both cases. The rescript showing the action of this court was filed in the Superior Court on June 11, 1956. On the basis of the record now before us it appears that no further action was taken by either party in the suit for foreclosure of the mortgage until October 16, 1967, eleven years, four

months and five days later, when MacNeil filed a motion
for entry of a final decree after rescript.[1]

The burden which the activities of State and MacNeil
have imposed on our courts has not been limited to the trial
and appeal of the present case. During its now more than
sixteen year life, this case has seemingly spawned countless
other cases and proceedings in the courts of the Common-
wealth and in the Federal courts. A judge of the Land
Court, about one-half of all the judges of the Superior Court,
and all of the justices of this court have been called upon at
various times in this sixteen year period to attend to this
mass of litigation. Despite slight differences in the names
of the parties and the nature of the proceedings, all of the
cases either involved or resulted directly from the same
basic controversy between State and MacNeil. We have
been required to act on various of these cases as a full court
on no less than sixteen occasions.[2] The same basic contro-
versy produced at least eleven reported decisions by United

---

[1] An examination of the docket entries in this case discloses several flurries
of activity by the parties between the date of the filing of the rescript and
October 7, 1959. Much of the activity appears to indicate skirmishing over
a variety of motions and unperfected appeals; and much of that appears to
relate only or primarily to the suit for redemption which is not now before
us. The record before us does not cover that activity. In any event, despite
that activity there was no action taken by either party for the period of
eight years and nine days between October 7, 1959, and October 16, 1967.

[2] The following cases relating to this controversy have been decided by the
full court:

1. *MacNeil Bros. Co. v. State Realty Co. of Boston, Inc.* 333 Mass. 770.
2. *State Realty Co. of Boston, Inc. v. MacNeil Bros. Co.* 334 Mass. 294.
3. *State Realty Co. of Boston, Inc., petitioner,* 334 Mass. 706.
4. *MacNeil Bros. Co. v. State Realty Co. of Boston, Inc.* 334 Mass. 706.
5. *MacNeil Bros. Co. v. State Realty Co. of Boston, Inc.* 334 Mass. 706.
6. *MacNeil Bros. Co. v. State Realty Co. of Boston, Inc.* 335 Mass. 764.
7. *Adrian Corp. v. Superior Court,* 337 Mass. 766.
8. *Concord Corp. v. Superior Court,* 337 Mass. 766.
9. *MacNeil v. Superior Court,* 337 Mass. 766.
10. *Orlov v. MacNeil,* 337 Mass. 767.
11. *MacNeil Bros. Co. v. Superior Court,* 337 Mass. 772.
12. *MacNeil Bros. Co. v. Superior Court,* 337 Mass. 772.
13. *MacNeil v. Judge of the Superior Court,* 339 Mass. 774.
14. *State Realty Co. of Boston, Inc. v. MacNeil,* 341 Mass. 123.
15. *MacNeil Bros. Co. v. State Realty Co. of Boston, Inc.* 341 Mass. 725.
16. *MacNeil Bros. Co. v. State Realty Co. of Boston, Inc.* 350 Mass. 772.

States District Courts and Courts of Appeals on cases entered by MacNeil.[3]

After the lapse of over eleven years from the date of our rescript in 334 Mass. 294, State and MacNeil assumed the right to resume their controversy and to use the judiciary of the Commonwealth to accomplish their current ends. On that assumption of right they called on the Superior Court to take certain action, and that court did act. Neither State nor MacNeil is content with the action taken by the Superior Court and they now assume the right to require this court to extricate them from their respective dilemmas.

We hold that on the record before us the parties had no right to avail themselves further of the Superior Court after their inaction of over eleven years following our rescript of June 8, 1956, and that they have no right now to require this court to review the action of the Superior Court. They forfeited such right by their utter neglect and abandonment of this case for such a long period of time after the rescript in 334 Mass. 294. The right to resort to the judi-

---

[3] The following are some of the reported decisions by Federal courts from June 9, 1955, through March 5, 1969:

1. *Matter of State Realty Co. of Boston, Inc.* 131 F. Supp. 554 (D. Mass.), dismissed sub nom. *MacNeil* v. *State Realty Co. of Boston, Inc.* 229 F. 2d 358 (1st Cir.).
2. *Matter of State Realty Co. of Boston, Inc.* 137 F. Supp. 69 (D. Mass.).
3. *Matter of State Realty Co. of Boston, Inc.* 152 F. Supp. 774 (D. Mass.), affd. sub nom. *Boston Development Corp.* v. *State Realty Co. of Boston, Inc.* 249 F. 2d 442 (1st Cir.).
4. *MacNeil Bros. Co.* v. *Cohen,* 158 F. Supp. 126 (D. Md.), wherein the case was described as "this prickly plant which sprouts new motions every few days."
5. *MacNeil Bros. Co.* v. *Cohen,* 163 F. Supp. 106 (D. Mass.), dismissed 264 F. 2d 190.
6. *MacNeil Bros. Co.* v. *Justices of the Superior Court,* 242 F. 2d 273 (1st Cir.), cert. den. 355 U. S. 805.
7. *MacNeil Bros. Co.* v. *Forte,* 253 F. 2d 500 (1st Cir.).
8. *Matter of MacNeil Bros. Co., petitioners,* 259 F. 2d 386 (1st Cir.).
9. *MacNeil Bros. Co.* v. *State Realty Co. of Boston, Inc.* 262 F. 2d 364 (1st Cir.).
10. *MacNeil Bros. Co.* v. *Cohen,* 264 F. 2d 186 (1st Cir.).
11. *MacNeil Bros. Co.* v. *Cohen,* 264 F. 2d 190 (1st Cir.).

(See also *MacNeil* v. *State Realty Co. of Boston, Inc.* 372 U. S. 977, denying certiorari after Supreme Judicial Court dismissed bill of exceptions relating to proceedings in the Land Court of Massachusetts.)

ciary for determination and enforcement of rights and liabilities is not unlimited, and it is not without obligations. Litigants must act with reasonable diligence to bring their litigation to a final conclusion. Because of the volume of litigation pending before all levels of the judicial branch, it is essential that it devote its time and efforts to those litigants who prosecute their cases with reasonable diligence, and that it deny further consideration of cases which the litigants have unreasonably failed, neglected or refused to prosecute. The present case falls into the latter category.

Although many courts have adopted rules relating to the dismissal of cases for want of prosecution,[4] the power of the courts to dismiss such cases is inherent and is not derived from such rules. "Broadly speaking, a court, even in the absence of a statute or rule, has discretionary power to dismiss an action which the plaintiff has failed to prosecute with diligence. This is a necessary incident to the right and the duty to keep the judicial system in efficient operation. It is clearly reasonable." *Massachusetts Gen. Hosp.* v. *Grassi,* 356 Mass. 1, 2. *Bancroft* v. *Sawin,* 143 Mass. 144, 146–147. As to the ancient origin of this power, see 3 Blackstone, Commentaries (1768) 295–296 and 451.

The absence of any motion by the parties to dismiss the case for lack of prosecution does not affect the court's power to take such action. "The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link* v. *Wabash R.R.* 370 U. S. 626, 630–631. *Shotkin* v. *Westinghouse Elec. & Mfg. Co.* 169 F. 2d

---

[4] Rule 85 of the Superior Court (1954) provides that "every case which has remained upon the docket for three years preceding, without action shown upon the docket . . . [with exceptions not applicable to this case], ·shall be marked inactive by the clerk"; and that if one year thereafter "it has not been tried or heard on the merits or disposed of, it shall, unless the court shall otherwise order, be dismissed, and judgment or decree of dismissal shall be entered by the clerk." The rule applies to equity cases. *Cheney* v. *Boston & Maine R.R.* 246 Mass. 502, 506. *Borst* v. *Young,* 302 Mass. 124. The record shows no reason for not applying this mandatory rule.

825, 826 (10th Cir.).   *Slavitt* v. *Meader,* 278 F. 2d 276, 277 (Ct. App. D. C.).   *Kenney* v. *California Tanker Co.* 381 F. 2d 775, 777 (3d Cir.), cert. den. 390 U. S. 904.

In view of our holding that the parties had lost their right to require the Superior Court to enter a decree after rescript, we do not reach the question whether that final decree entered on February 23, 1968, complies with our rescript of June 8, 1956.   That final decree is vacated.   A new final decree is to be entered dismissing the bill of State and the counterclaim, if any, of MacNeil, such dismissals to be because of the unreasonable delay of such parties in prosecuting their respective claims.   Costs are to be awarded to neither party.

In our earlier opinion (334 Mass. 294, 305) we said the most difficult problem in these cases "is how this litigation is ever to be brought to an end."   Hopefully the entry of a final decree of dismissal for want of prosecution will bring to an end the suit under the Soldiers' and Sailors' Civil Relief Act except for one matter requiring further attention. Pursuant to some order or authority of the Superior Court, MacNeil paid the sum of $9,375.06 to the clerk of courts for Middlesex County.   The money was to be held by the clerk subject to ultimate payment to State in the event MacNeil redeemed from the mortgage being foreclosed (334 Mass. 294, 306–307).   Such redemption has not occurred.   It appears from the language of the trial judge in the final decree of February 23, 1968, which we have ordered vacated, that the suit for redemption from the mortgage (referred to in 334 Mass. 294, 296, 306 as the "second suit") has been terminated by a final decree therein.   Thus there is no present reason for the clerk to continue to hold the sum of $9,375.06 paid to him by MacNeil.   In the brief filed by State when a related case was before us, and again in the brief filed by State on the present appeal, it disclaimed any right to the money in possession of the clerk of courts, and assented to the return of the deposit.   However, in its present brief State suggests that a corporation known as "MacNeil Bros. Co." was dissolved under G. L. c. 155,

§ 50A, on December 17, 1958.[5]  It remains for the Superior Court to determine, after appropriate notice and hearing, to whom (other than State) the clerk should pay said sum of $9,375.06 now held by him.

*So ordered.*

---

[5] We do not decide whether the corporation thus dissolved is the same corporate defendant described as "MacNeil Bros. Company" in the record before us, and if so, whether it has any present standing or existence for the purpose of this case.  See G. L. c. 155, §§ 50A, 51, 51A, 52 and 53.