**AMERICAN SAMOA GOVERNMENT,**

**v.**

**TAUMALATOU LAVATA'I aka MATA`UTIA.**

High Court of American Samoa
Trial Division

CR No. 4-97

March 20, 1997

Before RICHMOND, Associate Justice, FAISIOTA, Chief Associate Judge, and MALAEOLA A.A., Associate Judge

On May 9, 1991, plaintiff American Samoa Government ("ASG") filed a complaint, DCCR No. 61-91, alleging that on or about April 30, 1991, defendant Taumalatou Lavata`i ("Lavata`i") violated A.S.C.A. § 22.0223, felony driving while license is suspended, A.S.C.A. § 22.0333(a)(1), failure to use seat belt, and A.S.C.A. § 22.1001, non-registration of a motor vehicle. On the same day, the District Court Judge issued a warrant for

Lavata`i's arrest.[1] On January 6, 1997, over five and one-half years after the arrest warrant was issued, DPS officers arrested Lavata`i when he came to court for another traffic violation.

Lavata`i now moves pursuant to T.C.R.Cr.P. Rule 48 to dismiss the action on the grounds of excessive and inexcusable delay in the prosecution of the case, allegedly in violation of his rights to due process and a speedy trial under Amendments 5 and 6 to the United States Constitution, and Article I, Sections 2 and 6 of the Revised Constitution of American Samoa. On February 24, 1997, this court heard evidence and arguments on the motion to dismiss and took the matter under advisement.

## Discussion

One of the inherent powers of a trial court is the power to dismiss a case for want of prosecution. *See State Realty Co. of Boston, Inc. v. MacNeil Bros. Co.,* 265 N.E.2d 85, 88-89 (Mass. 1974). The court has discretion to dismiss cases where the plaintiff is guilty of neglect, even in the absence of statute or rule regarding diligent prosecution, because the court has a right and duty to keep the judicial system in efficient operation. *Id.* at 89 (citing *Massachusetts Gen. Hosp. v. Grassi,* 247 N.E.2d 594, 595 (1969); *Bancroft v. Sawin,* 9 N.E. 539, 542 (1887); 3 Blackstone, Commentaries 295-96, 451 (1768)); *see also Link v. Wabash R.R.,* 370 U.S. 626, 630-32 (1962) (opining that "[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.").

In the instant case, ASG seeks to resume prosecution over five and one half years after ASG filed a criminal complaint against Lavata`i and obtained a warrant for his arrest. This court, by its inherent power to dismiss a case for want of prosecution, therefore exercises its discretion and refuses to devote the court's valuable time and effort to those who have unreasonably failed, neglected, or refused to prosecute. *State Realty Co. of Boston,* 265 N.E.2d at 88-89.[2]

## Conclusion

Accordingly, Lavata`i's motion for dismissal is granted and the charges against him are dismissed with prejudice.

---

[1] On or about January 15, 1994, the Department of Public Safety ("DPS") returned Lavata`i's license to Mata`utia, who subsequently renewed the license at the Office of Motor Vehicles.

[2] Because the court acts pursuant to its inherent powers, the court deems it unnecessary to discuss the constitutional arguments that Lavata`i poses.

It is so Ordered.