### WINEGAR *v.* CAHN and others.

*(Circuit Court, W. D. Michigan, S. D.   December, 1886.)*

DEPOSITIONS — COSTS — ATTORNEY'S FEES — DEPOSITIONS TAKEN FOR ANOTHER CASE USED BY STIPULATION.

> Attorney's fees for depositions taken in a former case, on behalf of plaintiff in the former suit, and, by stipulation of attorneys, read upon the trial of a later suit in which the former plaintiff is defendant at suit of another plaintiff, cannot be taxed as costs by plaintiff in the latter suit, he having incurred no liability in procuring said depositions. A deposition, when taken, is common property, and may be used by either party.

Motion for Retaxation of Costs.

*Fletcher & Wanty,* for plaintiff.

*Turner & Carroll,* for defendants.

SEVERENS, J. A motion is made by the defendants in this cause for retaxation of costs. The question arising on the motion relates to the taxation by the clerk of 14 attorney's fees, of $2.50 each, for depositions read and used upon the trial of the cause. It is claimed by counsel for the defendants that they should not have been allowed. The facts on which the point arises are these: In a former case in this court in which Cahn *et al.*, the present defendants, were plaintiffs against Monroe, the former marshal of this district, as defendant, these depositions were taken on behalf of the then plaintiffs, their attorneys being the same as now, and the attorneys for the present plaintiff having been also attorneys for the defendant, Monroe. *Ante,* 675. On the trial of the former case these depositions were not in fact used, the court having disposed of the case upon the trial upon a point not involving the merits, on the opening statement of the attorney for the plaintiffs. On a motion for retaxation in that case before me, I sustained the action of the clerk in disallowing

the attorney's fees for these depositions, upon the ground that they had not been used upon the trial, and did not pass upon the question whether in any case attorney's fees could be taxed in favor of the party against whom the deposition was taken. By a verbal stipulation between the attorneys in this case these depositions were read upon the trial thereof, and now the attorneys for the plaintiff seek to tax the fees for the depositions.

As an original proposition, my opinion would be strongly against the allowance of these fees, upon the ground that the depositions were not taken in the case; but counsel for the plaintiff cites and relies upon a case in 12 Fed. Rep. 271, (*Jerman* v. *Stewart*,) which seems to militate against that conclusion. In that case the depositions had been taken in a cause depending in a state court, and were by stipulation "read and used" in the case in the federal court, and it was held that attorney's fees therefor were taxable.

It is an object much to be desired that uniformity of construction of the statutes should prevail in all the courts, and I am sorry I cannot see my way clear to follow the case cited. From the report of that case it does not appear that Jerman, the plaintiff, in whose favor the attorney's fees were taxed, was a party to the former suit. Hence the depositions were not taken in his behalf, nor was he subject to the expense of taking them either for direct or cross examination. It was laid down in that case, apparently as a principal basis for the ruling, that it was the use of the depositions upon the trial which determined the right to tax for them; and the case of *Stimpson* v. *Brooks*, 3 Blatchf. 456, was cited in confirmation of that view. But on looking at that case it will be seen that the court did not affirm that as the only prerequisite, but simply as completing the right to tax for the depositions; and the expression in the opinion relied upon was used as part of the argument leading to the conclusion which was arrived at upon the point actually decided, which was that affidavits (treated as the equivalent of depositions) used on a preliminary proceeding in the case, but not upon the final hearing, were not taxable under the statute. It was in this connection that the court said that it was the use upon the trial that determined the right. And in the present case it appears obvious that the expenses incurred in taking these depositions were incurred on the direct by Cahn *et al.*, and on the cross by Monroe. If Monroe has not already settled his liability, that is a matter between him and his attorneys or others. Winegar incurred no liability on account of the taking them. How, then, should he be entitled to tax costs therefor? It would seem unquestionable that the intention of the statute was to compensate for the taking the depositions. It may be that the statute may be fairly construed to apply so as to give such costs to a successful party whose attorney has attended to the taking of depositions which have been taken at the instance of the other party, and used on the trial. A deposition, when taken, is common property, and may be used by either party.

The statutes in relation to costs in the federal courts ought certainly to receive a fair and reasonable interpretation, and, as I think, a liberal

one, in those directions in which they aim at cases and circumstances of moral justice and equity, not, however, transcending the bounds of settled principles of construction. The costs in question are not, in my opinion, either within the express terms of the statute, or within the limits covered by any possible interpretation of it. They must therefore be disallowed.