### In re DAVIDSON.

(District Court, D. Massachusetts. March 26, 1907.)

#### No. 11,992.

BANKRUPTCY—EXAMINATION OF A BANKRUPT PRIOR TO ADJUDICATION.

Where an alleged bankrupt answered, denying that he had committed an act of bankruptcy, and the issues so raised were referred to the referee for examination and report, but there had been no adjudication, the estate was not in process of administration under the Bankrupt Act of July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], so as to authorize the court to order an examination of the bankrupt to determine the necessity for the appointment of a receiver, and for the enforcement of the provisions of the act, under section 21a (30 Stat. 552 [U. S. Comp. St. 1901, p. 3430]), authorizing the court to order the examination of the alleged bankrupt if his estate is in process of administration.

On Application by Petitioning Creditor for an Order for Examination of Alleged Bankrupt.

James, Schell & Elkins and A. K. Cohen, for creditor.
William Charak, for debtor.

DODGE, District Judge. The adjudication in this case has not yet been made, and is contested. The alleged bankrupt has answered the petition, and the questions thus raised are before the referee for examination and report. Meanwhile, one of the petitioning creditors has presented this application, which is that the court will order an immediate examination of the alleged bankrupt, "for the purpose of determining the necessity for the appointment of a receiver, and for the enforcement of the provisions of the acts of Congress relating to bankruptcy." It is alleged among other things that the bankrupt has been collecting debts due him for goods sold, and converting the same to his own use, that the books of account are under his sole control, that the petitioners cannot get any information about said debts, and that the assets of which they have any knowledge amount only to about $750.

There is no doubt that the court may order examination of the alleged bankrupt under section 21a of the Bankruptcy Act of July 1, 1898; c. 541, 30 Stat. 552 [U. S. Comp. St. 1901, p. 3430], if his es-

tate can be said to be in process of administration under the act. But the administration of this estate by the court can hardly be said to have begun. The court has been asked to administer it under the act, and has summoned the bankrupt to answer this application. But until these preliminary steps have resulted in establishing the power of the court to institute its administration, I do not see how that administration can be regarded as in process. Should the result of the contest regarding adjudication be in the bankrupt's favor, no step will be or will have been taken by the court in such administration. There is an attempt pending to have such administration ordered, but that is all that can be said.

The court has not in this case assumed, nor is it asked to assume, even that temporary and provisional control of the estate which it sometimes exercises through a receiver while adjudication is pending. In a very recent decision by Judge Hough, in the New York Southern District, to which I am referred (In the matter of Fleischer [Feb. 7 1907] 151 Fed. 81), it is held that such an examination as is here asked for may be ordered, before adjudication, upon the application of a receiver. The court thought it not open to doubt that the moment a receiver is appointed for the purpose of making fruitful the attachment, and enforcing the injunction effected by the filing of an involuntary petition, the administration of the estate has begun. There is nothing, however, in this decision which requires the conclusion that the estate of the alleged bankrupt in this case must be regarded as in process of administration. I am unable to believe that it is the intent of the bankruptcy act to invest a petitioning creditor, for no other reason than that his petition has been filed, and that such an examination might assist him, with the same right to examine the debtor whose bankruptcy he undertakes to establish which he will possess after he has succeeded in establishing it. Without deciding that such an examination could never be ordered before adjudication, I must decline to order it under circumstances such as are now shown. The application is denied.