## In re THOMPSON.

(District Court, W. D. Pennsylvania. April 14, 1910.)

No. 4,840.

1. BANKRUPTCY (§ 97*)—INVOLUNTARY PROCEEDINGS—EXAMINATION OF BANKRUPT.

An alleged bankrupt cannot be subjected to examination on written interrogatories before adjudication at the instance of petitioning creditors.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 139; Dec. Dig. § 97.*]

2. COURTS (§ 96*)—RULES OF DECISION—PREVIOUS DECISION AS CONTROLLING.

A United States District Court is bound by the decisions of the Circuit Court of Appeals in the same circuit.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 327; Dec. Dig. § 96.*]

In the matter of the bankruptcy of F. T. Thompson. On petition for a rule to show cause why the alleged bankrupt should not be attached for contempt for failing to answer interrogatories by petitioning creditors. Petition refused.

C. D. Gillespie, for creditors.
W. S. Maxey and L. B. Cook, for bankrupt.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ORR, District Judge. To the original petition the bankrupt filed an answer, denying insolvency, and demanding a trial by jury. No fur-- ther steps were taken in the case until the petitioning creditors applied for a rule upon the bankrupt to show cause why he should not be attached for contempt for failing to answer certain interrogatories filed by them. The matter before the court is whether or not the court should grant the rule to show cause.

By the interrogatories the creditors seek disclosure by the bankrupt of matters relating to a transfer or transfers of real property and disclosure of assets generally. There is no provision in the bankrupt law for such interrogatories before adjudication, and compulsory parol examination of the bankrupt prior to adjudication, although allowed at the instance of his receiver in the Second circuit (see In re Fleischer [D. C.] 18 Am. Bankr. Rep. 197, 151 Fed. 81), is not permitted under the construction of the bankrupt act by the Court of Appeals in this circuit. See Skubinsky v. Bodek, 172 Fed. 332, 97 C. C. A. 116, 22 Am. Bankr. Rep. 689. Why, then, should the bankrupt, before adjudication, at the instance of one or more petitioning creditors, be subjected to examination upon written interrogatories. There seems to be no reason for the one which does not exist for the other. This court is bound by the decision of the Circuit Court of Appeals in this circuit.

The petition for the rule is refused.