## In re JOHNSON & MOFFAT.

(District Court, S. D. Florida.    October 29, 1926.)

No. 3040.

Bankruptcy ⬦⟾97.

Equity rule 58 does not apply to bankruptcy proceedings, and does not entitle petitioning creditors to file interrogatories in aid of their petition.

In Bankruptcy. In the matter of Johnson & Moffat, alleged bankrupts. On motion of defendants to strike out interrogatories. Motion granted.

Marks, Marks & Holt, of Jacksonville, Fla., and McCaskill, Taylor & McCaskill, of Miami, Fla., for alleged bankrupts.

J. E. Dean and Barrett & Sibley, all of Miami, Fla., and Crawford & May, of Jacksonville, Fla., for petitioning creditors.

CALL, District Judge. This cause comes up on the objections of the bankrupts to the answering of certain interrogatories filed by petitioning creditors and motions to strike same. An involuntary petition in bankruptcy was filed; the bankrupts duly answered the petition, denying insolvency and the act of bankruptcy alleged, and demanding trial by jury. Subsequently several other creditors were allowed to intervene in the cause as petitioners. These interrogatories were filed by petitioning creditors under rule 58 of the Equity Rules.

The first question presented, therefore, is: Does equity rule 58 apply to a bankruptcy proceeding in the condition of this one? I am of opinion that it does not, taking into consideration the terms of the Bankruptcy Act, as amended (Comp. St. § 9585 et seq.), which is a complete code of procedure when read with the General Orders promulgated by the Supreme Court. The provisions of the act requiring (paragraph 3d) the bankrupt to submit himself, his books, papers, and records, to examination at the hearing on insolvency, it seems to me, was intended to meet the very reason why equity rule was promulgated.

This section requires the bankrupt to present himself, with his books, papers, and accounts, and submit himself to examination, and in the event he fails to do so places upon him the burden of proving solvency. I cannot, therefore, assume that the petitioning creditors are entitled to the method of procuring evidence prescribed by section 58, in addition to that prescribed by section 3d of the Bankruptcy Act.

Reliance was placed on section 21a of the Bankruptcy Act in argument to sustain the bankrupt's exceptions, but I do not think that section bears upon the question here involved, except as an indication in the minds of the Congress, in the passage of the act, that the occasion and purpose of the examination of the bankrupt, before adjudication, was pointed out, and the methods by which such examination could be had provided.

The objections to answering the interrogatories will therefore be sustained. It will be so ordered.