### In re CORONET METAL PRODUCTS CORPORATION.

### No. 47350.

United States District Court
E. D. New York.

Sept. 22, 1948.

---

Archibald Palmer and Sam Masia, both of New York City, for Max Bloomberg and others.

Max Schwartz and Demoo, Callahan & Morris, all of New York City, for claimants.

Robert Bassin, of Jamaica, N. Y., and Chauncey H. Levy, of New York City, for trustee.

GALSTON, District Judge.

On cross motions there is brought up for review an order entered by the referee on August 19, 1948, denying the bankrupt's motion for an order vacating that order which directed Max Bloomberg, Leo Bloomberg, Nathaniel P. Green and Stuart S. Gould, as officers and directors of the above named bankrupt to appear for oral examination pursuant to the federal rules of procedure in relation to the claims set forth in the proofs of debt filed by Eli D. Goldsmith, Jacob Ain, Elex Appliances, Inc. and Permaid Appliances, Inc.

It appears that the trustee in bankruptcy has opposed the claims of Goldsmith et al. who seek now to examine Bloomberg et al. to obtain evidence in support of their claims.

It is urged that the parties to be examined are not parties to the contest between the trustee and the creditors, but that is not determinative at all of the right of parties to the issue to develop such evidence as they can in support of their claims. It would seem that under the authorities, the Federal Rules of Civil Procedure, 28 U.S.C.A., are applicable to bankruptcy proceedings and that the oral depositions sought here fell within the provisions of those rules. See particularly General Order 37 of the Bankruptcy Act, 11 U.S.C.A. following section 53; Elias et al. v. Clarke et al., 2 Cir., 143 F.2d 640; Marx v. Chase National Bank, 2 Cir., 117 F.2d 800, and particularly Zydney v. New York Credit Men's Association, 2 Cir., 113 F.2d 986. The referee's order will, therefore, be affirmed, but with a modification presently to be stated.

In view of the fact that the two groups of claimants have been in litigation in the state courts over matters relating to the affairs of the bankrupt, it would be unseemly to permit the examination of these prospective witnesses to go beyond the issues raised by the trustee's objection to the claims of Goldsmith et al.

Hence the order of affirmance will provide that the oral depositions to be taken are to be taken before the referee and that the witnesses may be interrogated only as to those matters which directly are relevant and material and competent to the issues between Goldsmith et al. and the trustee.

Moreover the order shall provide that the costs of the examination of these witnesses shall in the first instance be borne by the claimants Goldsmith et al.

Settle order on notice.