**In re TOTEM LODGE & COUNTRY CLUB, Inc., Bankrupt.**

United States District Court
S. D. New York.

Oct. 11, 1955.

ined in the màtter of the Totem Lodge & Country Club, Inc., the corporate bankrupt, on August 5, 1955 at the Federal Courthouse for the Southern District of New York. The witness claims that the subpoena was served upon him more than one hundred miles from the place where he is required to attend for examination. The subpoena was served upon him at Averill Park, Rensselaer County, New York.

The witness states that he has not been an officer or director of the corporate bankrupt since April 1954. That bankrupt filed a voluntary petition in bankruptcy on January 25, 1955. It was adjudicated a bankrupt on April 29, 1955, after the failure of an arrangement proceeding commenced on January 25, 1955.

The order vacating the subpoena is sought upon two grounds: *first*, that the Federal Rules of Civil Procedure, 28 U.S.C.A., are applicable to proceedings in bankruptcy by virtue of General Order 37 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, and that Federal Rules of Civil Procedure, Rule 45(e), precludes service of a subpoena compelling attendance at a hearing to be held more than one hundred miles from the place of the service of the subpoena; and, *secondly*, that Sections 41, sub. a(4) and 7, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. §§ 69, sub. a(4) and 25, sub. a(1),—providing for the compulsory attendance of the bankrupt, or in the case of a corporate bankrupt, its officers or directors—do not apply to this case because the witness is no longer an officer of the corporate bankrupt.

The creditor of the corporate bankrupt appearing in opposition to this motion contends that the witness is the sole stockholder of the corporate bankrupt; that the witness was, for fifteen years, an officer and director of the corporate bankrupt; that the witness has held himself out to be the sole manager of the corporate bankrupt and has utilized that averment to obtain an adjournment of

Charles Seligson, New York City, for Herbert Katz, Movant David Sive, New York City, of counsel.

Norman J. Steinberg, New York City, for Irving Kleinman, creditor.

HERLANDS, District Judge.

This is a motion, brought on by order to show cause, to obtain an order vacating and adjudging null and void a subpoena issued on July 15, 1955 to Herbert Katz, the movant-witness herein. The motion is denied for the reasons set forth in this opinion.

Katz (referred to herein as the "witness") was ordered to appear, pursuant to Section 21, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 44, sub. a, to be exam-

the proposed examination under this very subpoena until after Labor Day, 1955; and that the witness has maintained a residence in New York City.[1]

General Order 37 of the General Orders in Bankruptcy provides that, in proceedings under the Bankruptcy Act, the Federal Rules of Civil Procedure "shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be." However, General Order 37 empowers the Court to "otherwise modify the rules for the preparation or hearing of any particular proceeding." In the present case, the specific provisions of Sections 7, sub. a, 21, sub. a and 41, sub. a of the Bankruptcy Act are to be applied in preference to the general provision of Rule 45(e) of the Federal Rules of Civil Procedure. Those specific provisions sustain the validity of the subpoena and require the presence of the witness at the proposed examination.

 The Federal Rules of Civil Procedure were not intended to modify the provisions of the Bankruptcy Act. The Federal Rules of Civil Procedure are applicable to bankruptcy proceedings only when they are not inconsistent with the Bankruptcy Act or when their application will help effectuate the purposes of that Act.[2] Consequently, the cases relied upon by the witness are limited to the practice under the Federal Rules of Civil Procedure and would be applicable to bankruptcy proceedings only if they were consonant with the provisions of the Bankruptcy Act.

Section 41, sub. a of the Bankruptcy Act does not require the attendance of a witness before a referee at a place more than one hundred miles from the place of service of the subpoena. However, that section contains a specific exception to the foregoing provision where the witness is "a bankrupt or, where the bankrupt is a corporation, its officers, or the members of its board of directors or trustees or of other similar controlling bodies * * *." Moreover, Section 21, sub. a of the Bankruptcy Act provides:

"The court may, upon application of any officer, bankrupt, or creditor, by order require any designated persons, including the bankrupt and his or her spouse, to appear before the court or before the judge of any State court, to be examined concerning the acts, conduct, or property of a bankrupt: * * *."

The provision just quoted must be read in conjunction with Section 7, sub. a of the Bankruptcy Act, which provides:

"The bankrupt shall (1) attend at the first meeting of his creditors, at the hearing upon objections, if any, to his application for a discharge and at such other times as the court shall order; * * * (10) at the first meeting of his creditors, at the hearing upon objections, if any, to his discharge and at such other times as the court shall order, submit to an examination concerning the conducting of his business, the

---

1. The witness argues at length that he is a resident of Rensselaer County and that, because of the one hundred-mile rule, the subpoena served upon him is invalid. Inasmuch as the Court is of the opinion that the one hundred-mile rule does not apply to this case, it is not necessary to determine the situs of the witness' residence. However, it should be noted that the one hundred miles from the witness' residence is computed "at the date of bankruptcy", under Section 7, sub. a(10) of the Bank-

ruptcy Act. The witness' own moving affidavit sworn to August 19, 1955 (paragraph "11") alleges that he was living in the Borough of Manhattan during the period from October 1954 to March 1955. The petition in bankruptcy was filed on January 25, 1955; hence, it would appear that "at the date of bankruptcy" the witness was residing within one hundred miles of the place of hearing.

2. In re Coronet Metal Products Corporation, D.C.E.D.N.Y.1948, 81 F.Supp. 500.

cause of his bankruptcy, his dealings with his creditors and other persons, the amount, kind, and whereabouts of his property, and, in addition, all matters which may affect the administration and settlement of his estate or the granting of his discharge; * * * Provided, however, That when the bankrupt is required to attend for examination, except at the first meeting and at the hearing upon objections, if any, to his discharge, he shall be paid actual and necessary traveling expenses for any distance in excess of one hundred miles from his place of residence at the date of bankruptcy: And provided further, That the court may for cause shown, and upon such terms and conditions as the court may impose, permit the bankrupt to be examined at such place as the court may direct whether within or without the district in which the proceedings are pending; * * *."

It is evident that F.R.C.P., Rule 45(e) cannot displace the provisions of the Bankruptcy Act quoted above, especially where, as in the case at bar, the application of the Bankruptcy Act provisions is necessary to accomplish one of the fundamental purposes of the Act, namely, the liquidation and discharge of the corporate bankrupt with complete fairness to all interested parties.

In defining the scope of the duty of a bankrupt or of the officers and directors of a corporate bankrupt to submit to an examination, we must construe Sections 7, sub. a and 21, sub. a of the Bankruptcy Act as complementing each other.[3] While Section 21, sub. a relates principally to the examination of persons other than the bankrupt, it nevertheless expressly authorizes the Court to order an examination of the bankrupt himself. Such examination of the bankrupt is necessarily identifiable with the examination which the bankrupt must attend pursuant to Section 7, sub. a.[4]

Since the subpoena herein was issued pursuant to Section 21, sub. a of the Bankruptcy Act in connection with an examination which the bankrupt is required to attend (pursuant to Sections 21, sub. a and 7, sub. a), the remaining question is whether the witness is "the bankrupt" within the meaning of Sections 21, sub. a and 7, sub. a. It is clear that the question must be answered in the affirmative.

Section 7, sub. b of the Bankruptcy Act provides:

"Where the bankrupt is a corporation, its officers, the members of its board of directors or trustees or of other similar controlling bodies, its stockholders or members, or such of them as may be designated by the court, shall perform the duties imposed upon the bankrupt by this Act."

The witness had been, for fifteen years, an officer and director of the corporate bankrupt. He is today its sole stockholder. For purposes of the proposed examination, the witness is "the bankrupt" and is one of the "officers" who is expressly excepted by Section 41, sub. a, of the Bankruptcy Act from the one-hundred-mile rule. Section 7, sub. b of the Bankruptcy Act should be broadly construed to include a controlling or sole stockholder such as the witness.[5]

---

3. Cameron v. United States, 1914, 231 U. S. 710, 34 S.Ct. 244, 58 L.Ed. 448; 1 Collier (14th ed.) 999.

4. The witness relies upon In re Bush Terminal Co., 2 Cir., 1939, 102 F.2d 471, as standing for the proposition that Section 7, sub. a(1) of the Bankruptcy Act does not apply where the witness is not the bankrupt. In that case, a *former* stockholder and director of the debtor was held not to be "the bankrupt" within the meaning of Section 7, sub. a of the Bankruptcy Act. In the present case, however, the witness presently owns one hundred percent of the stock of the adjudicated corporate bankrupt.

5. In the present case, the witness was the controlling stockholder of the corporate bankrupt at the time when he, as such

Section 7, sub. b of the Bankruptcy Act expressly provides that "stockholders" may be designated by the court to answer for a corporate bankrupt. The witness was the only stockholder of the corporate bankrupt at the time of the adjudication of bankruptcy. His appearance and examination are necessary to accomplish the final disposition of the assets and liabilities of the corporate bankrupt.

The motion is denied.

stockholder, assented to the voluntary bankruptcy proceedings herein. He became the sole stockholder by the time the corporation was adjudicated a bankrupt. His testimony is necessary and material to an effective examination concerning the acts, conduct or property of the bankrupt, as envisaged by Sections 7, sub. a(10) and 21, sub. a of the Bankruptcy Act. The Court will not permit the witness to frustrate such examination by his attempt to hide behind the corporate veil.