**In the Matter of STATE REALTY CO. OF BOSTON, Inc., Alleged Bankrupt.**

**No. 416–55.**

United States District Court
D. Massachusetts.

Dec. 29, 1955.

70

Angus M. MacNeil, Somerville, Mass., for petitioner.

Philip Corwin, Boston, Mass., Sidney J. Kagan, Boston, Mass., for alleged bankrupt.

FORD, District Judge.

An involuntary petition in bankruptcy was filed against debtor here on June 13, 1955. A motion to dismiss the petition was filed by the alleged bankrupt and marked for hearing before the referee on September 29, 1955. On September 27, 1955, petitioning creditor filed a request for an order to the bankrupt "to appear at hearing at 10 A. M. on Thursday, September 29, 1955 before Referee Hession and also have present at said time its principal stockholders Meyer L. Orlov and Philip Cowin as well as produce at said time the record of all doings of the bankrupt since the filing of the petition to date of hearing including all telephone calls sent or received in behalf of bankrupt by its stockholders or their agents, all monies received and expended, all time expended in its behalf by its counsel and services rendered between said dates." This request was denied by the referee without hearing, and this petition is brought for review of that denial. The referee states in his certificate on the petition for review that at the time of the denial he advised A. M. MacNeil, counsel for petitioner, that if he desired subpoenas for the purpose of having witnesses present at the hearing on September 29, he could obtain them, but that Mac-Neil refused the offer.

It does not appear that the action of the referee was wrong. In so far as petitioner's request was directed to securing the presence of witnesses and records at the hearing on September 29, it would seem that this could have been done by the use of subpoenas, which the referee offered to issue to him.

However, petitioner seems to contend that he has an absolute right to conduct an examination of the alleged bankrupt at the present stage of the proceedings before any adjudication has been made, before any meeting of the creditors, or before any receiver or trustee has been appointed. Under the provisions of § 21, sub. a, of the Bankruptcy Act, 11 U.S.C.A. § 44, the referee has the right to order an examination to be held before adjudication, but an order for such examination is discretionary. In re National Grain Corp., 2 Cir., 299 F. 597.

Moreover, such examination should not be allowed for the purpose of enabling petitioning creditors to obtain evidence for use in the hearing on adjudication but only on a showing that it is for the purpose of aiding in the administration of the estate. R. J. Reynolds Tobacco Co., Inc. v. A. B. Jones Co., Inc., 8 Cir., 54 F.2d 329, 335; Rawlins v. Hall-Epps Clothing Co., 5 Cir., 217 F. 884; cf. In re Davidson, D.C., 158 F. 678. Petitioners set forth no reason why the referee should exercise his discretion to order such an examination.

The right to an examination of the alleged bankrupt and its records on the issue of insolvency, at the hearing on that issue, or prior thereto by order of the court, is given by § 3, sub. d, of the Act, 11 U.S.C.A. § 21. Petitioner's request gave no indication that he was invoking such a right. That he was not concerned with the question of insolvency is indicated by the fact that he called for records covering only the period after the date of the filing of the petition.

In fact, petitioner's request does not ask the referee to order any examination of any one. On its face it asks only for an order compelling the presence of certain witnesses and records at the hearing which the referee had already set for the motion to dismiss. The proper method of securing the presence of these witnesses and records is by use of subpoenas. Indeed, even if petitioner had requested and the referee had ordered an examination, it would still be necessary to use subpoenas to compel the attendance of witnesses, other than the bankrupt, and the production of records. 2 Collier on Bankruptcy, 14th Ed., p. 310, § 21.20. Hence, the referee was fully justified in advising petitioner of the proper procedure to be followed in obtaining what he specifically requested, and denying the request as presented without hearing.

The order of the referee is confirmed.