**In the Matter of CARDINAL SERVICE CORPORATION, Bankrupt.**

United States District Court
S. D. New York.
July 28, 1959.

Hahn, Hessen, Margolis & Ryan, New York City, for trustee, J. Jacob Hahn, George A. Hahn, New York City, of counsel.

Copans & Kanon, New York City, for claimant, D. Daniel Kanon, New York City, of counsel.

DAWSON, District Judge.

This is a petition to review an order, dated June 1, 1959, of Hon. John E. Joyce, Referee in Bankruptcy. That order granted the claimant's motion to vacate the Trustee's notice to take the claimant's deposition upon oral examination before the Referee.

### Facts

On March 5, 1957 the bankrupt herein filed a petition for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., in the Federal District Court for the Southern District of New York. A proof of claim was filed by William J. Ruderman on April 12, 1957, alleging that he had been an employee of, and had worked for the bankrupt in Tennessee and New York City in 1956 and 1957, and that there was owing to him the sum of $5,287.50. Priority was demanded to the extent of $600 as constituting wages earned and unpaid for a period within three months immediately preceding the filing of the petition for an arrangement. Thereafter, on July 8, 1957, the bankrupt was adjudicated as such, and on July 10, 1957 the New York Creditmen's Adjustment Bureau, Inc. was qualified as Trustee.

Although the claimant was originally a resident of New York, he subsequently moved to North Carolina where he continues to reside. The claimant's attorney thereafter petitioned for an order directing payment of the priority portion of the claim, alleging that claimant was a former employee of the bankrupt and had filed a claim for wages earned during the three-month period before the bankruptcy petition was filed and for overtime work during six months preceding. The Trustee denied these allegations, except as to the filing of the claim. On January 28, 1959 the Trustees served a notice on the claimant's attorney to take the deposition of the claimant upon oral examination before the Referee, pursuant to the Federal Rules of Civil Procedure. Prior to the date provided in the notice for the taking of the deposition, the claimant moved for an order vacating the notice on the ground that he resided in North Carolina and should not be required to come to New York for examination. The motion was granted by a decision of the Referee. An order was entered thereon on June 1, 1959, which is now the subject of this petition to review.

The only question before this Court is whether the Referee erred when he granted the motion to vacate the notice to take the deposition of the claimant. For the reasons hereinafter stated, this Court finds that the Referee did not err.

### Discussion

The Referee granted the motion to vacate the notice to take the deposition of this claimant, who resides approximately

one thousand miles from New York City, on the basis of § 41, sub. a of the Bankruptcy Act, 11 U.S.C.A. § 69,[1] which provides that a person other than a bankrupt shall not be required to attend as a witness before a Referee at a place more than one hundred miles from his place of residence. In essence, the petitioner contends that § 41, sub. a does not apply to the instant case because that section deals with a situation where a *subpoena* has been issued and where the person is to appear as a *witness*. Here, no subpoena is involved, only a notice to take a deposition which has been served on the claimant's attorney. Furthermore, argues the petitioner, the deposition desired is that of a party and not a witness.

The Court must be governed by the language of the Bankruptcy Act. Under § 41, sub. a a person, the claimant here, is not required to attend at a place more than one hundred miles from his residence. The statute creates only one exception to this provision and that exception relates to a person who is a bankrupt or, where the bankrupt is a corporation, its officers, or the members of its board of directors or trustees or of other similar controlling bodies. The claimant here clearly does not fall within the excepted class and therefore is not required to travel from North Carolina to New York City to have his deposition taken.

The petitioner also urges that by virtue of § 21, sub. b and § 21, sub. k of the Bankruptcy Act, 11 U.S.C.A. § 44, the Federal Rules of Civil Procedure are applicable and give the full right of pre-trial discovery in bankruptcy proceedings. There is, of course, no question that the Trustee has the right to take the claimant's deposition. The only question here is whether the claimant can be required to come to New York City or whether the Trustee would be obliged to take the deposition in North Carolina. Although contempt proceedings would be unavailable as a remedy, the petitioner contends that since the Federal Rules are applicable, the sanctions of Rule 37(d), 28 U.S.C.A.,[2] could be invoked against the claimant for failure to attend a hearing in New York City. However, General Order 37 of the General Orders in Bankruptcy, 11 U.S.C.A. following section 53, provides that the Federal Rules of Civil Procedure "shall, in so far as they are not inconsistent with the Act or with these general orders, be followed as nearly as may be." The Federal Rules of Civil Procedure were not intended to modify the provisions of the Bankruptcy Act and are applicable only when they are not inconsistent with the Act. In re Totem Lodge & Country Club, D.C.S.D.N.Y.1955, 134 F.Supp. 158. To allow the sanctions of Rule 37(d) to be applied against a claimant in a bankruptcy proceeding would, in effect, be compelling the claimant to appear. This would be inconsistent with

1. "69. *Referees; contempts before*
"(a) A person shall not, in proceedings before a referee * * * refuse to appear after having been subpoenaed * * * *Provided,* That a person other than a bankrupt or, where the bankrupt is a corporation, its officers, or the members of its board of directors or trustees or of other similar controlling bodies, shall not be required to attend as a witness before a referee at a place more than one hundred miles from such person's place of residence or unless his lawful mileage and fee for one day's attendance shall be first paid or tendered to him.
"(b) The referee shall forthwith certify the facts to the judge, if any person shall do any of the things forbidden in this section, and he may serve or cause to be served upon such person an order requiring such person to appear before the judge upon a day certain to show cause why he should not be adjudged in contempt by reason of the facts so certified. * * * *"

2. "Rule 37. Refusal to Make Discovery: Consequences
* * * * *
"(d) Failure of Party to Attend or Serve Answers. If a party * * * wilfully fails to appear before the officer who is to take his deposition, after being served with a proper notice * * * the court on motion and notice may strike out all or any part of any pleading of that party, or dismiss the action * * * *."

the language of § 41, sub. a of the Bankruptcy Act and here the Act is controlling. Section 41, sub. a provides that a person shall not be required to attend as a witness before a Referee at a place more than one hundred miles from his place of residence. The claimant, who resides in North Carolina, approximately one thousand miles from this district, falls clearly within this provision. The only exception to this provision is a person who is a bankrupt, or where the bankrupt is a corporation, its officers, directors or trustees. The claimant here is not within this class.

For the reasons stated the Referee's decision is sustained.