In the Matter of **RICHARDS DISCOUNT JEWELERS, INC., Alleged Bankrupt.**

**No. 69 B 309.**

United States District Court
S. D. New York.

Sept. 11, 1969.

Harry Torczyner, New York City, for petitioning creditors; by Jules Schlossberg, New York City, of counsel.

Levin & Weintraub, New York City, for alleged bankrupt; by Benjamin Weintraub, New York City, of counsel.

## MEMORANDUM

POLLACK, District Judge.

The petitioning creditors in this involuntary bankruptcy proceeding have applied for an order pursuant to Rule 37 F.R.Civ.P. to impose sanctions on the alleged bankrupt for the refusal of one of its officers to respond to questions in an oral examination before trial ordered under Section 3, sub. d of the Bankruptcy Act, (11 U.S.C. § 21d). The creditors seek to prove the commission of acts of bankruptcy and the insolvency of the respondent. The witness claimed his own constitutional privilege against self incrimination in response to the questions put to him.

A corporation cannot avail itself of the privilege against self incrimination. Such a privilege is essentially a personal one applying only to natural individuals. George Campbell Painting Corp. v. Reid, 392 U.S. 286, 88 S.Ct.

1978, 20 L.Ed.2d 1094 (1968). However, while it cannot be utilized on behalf of a corporation, an individual, although an officer being examined on behalf of the corporation, may on his own behalf refuse to waive the privilege. Curcio v. United States, 354 U.S. 118, 124, 77 S.Ct. 1145, 1 L.Ed.2d 1225 (1957).

■ Since the privilege is not available to it, the alleged bankrupt by its refusal to make discovery when examined pursuant to Sec. 3, sub. d of the Bankruptcy Act, (11 U.S.C. § 21d) has subjected itself to the sanctions imposed therein for such failure, which are, that the burden of proving solvency or ability to pay its debts as they mature, now rests upon the alleged bankrupt and the trial herein will be governed accordingly.

■ The petitioning creditors seek an order striking out the Answer as a result of the alleged bankrupt's failure and refusal to make discovery. While the Federal Rules of Civil Procedure are applicable to such proceedings as these, insofar as not inconsistent with the Bankruptcy Act, see, General Order 37 of the General Orders in Bankruptcy, 11 U.S.C. § 80 following § 53, the sanctions imposed by Rule 37, F.R.Civ.P. to enforce compliance with discovery procedures cannot be applied in bankruptcy cases because such sanctions are inconsistent with the express provisions of section 3, sub. d of the Bankruptcy Act, (11 U.S.C. § 21d), In re Schulund, 210 F.Supp. 195 (D.Mont.1962); In re Cardinal Service Corp., 175 F.Supp. 47 (S.D. N.Y.1959); see also, In re Totem Lodge & Country Club, 134 F.Supp. 158 (S.D. N.Y.1955).

Accordingly, the motion to strike the alleged bankrupt's Answer is denied and for failure and refusal of the alleged bankrupt to make discovery, in the subseqent proceedings herein the burden of proving solvency or ability to pay its debts as they mature shall rest on the alleged bankrupt.

So ordered.