**In re MMI ASSOCIATES, LTD., Debtor.**

**No. C–B–76–604.**

United States District Court,
W. D. North Carolina,
Charlotte Division.

Nov. 4, 1976.

**42**

Horace M. DuBose, III, N. C., Gastonia, N. C., for debtor.

E. Osborne Ayscue, Jr., Helms, Mulliss & Johnston, Charlotte, N. C., for John F. Joyce.

### ORDER

McMILLAN, District Judge.

This is an appeal from an order of the bankruptcy judge requiring John F. Joyce, a resident of New York, to appear before the bankruptcy judge in Charlotte, North Carolina, for examination pursuant to § 21(a) of the Bankruptcy Act, 11 U.S.C. § 44, and Rule 205(a) of the Rules of Bankruptcy Procedure.

Section 21(a) of the Act provides:

"(a) The court may, upon application of any officer, bankrupt, or creditor, by order require any designated persons, including the bankrupt and his or her spouse, to appear before the court, to be examined concerning the acts, conduct, or property of the bankrupt . . . ."

Rule 205(a) provides:

"Upon application of any party in interest, the court may order the examination of any person."

The question raised is whether the bankruptcy judge has the power to require Mr. Joyce to attend an examination *outside the district in which he resides and further than one hundred miles from his residence.*

*The bankrupt* may be required to attend a Rule 205 examination at any place. Rule 205(f) provides:

"Without issuing a subpoena, the court may for cause shown and on such terms as it may impose order the bankrupt to be examined under subdivision (a) of this rule *at any place it designates, whether within or without the district wherein the case is pending.*" [Emphasis added.]

The Advisory Committee Note states:

"There are no territorial limits on the service of an order on the bankrupt."

See also § 7(a)(1) of the Act, § 21(a) of the Act, § 41 of the Act, 11 U.S.C. § 69, and *In re Totem Lodge and Country Club*, 134 F.Supp. 158 (S.D.N.Y.1955) (sole shareholder of a corporation can be required to attend outside his district and further than one hundred miles away).

If the *bankrupt* lives more than one hundred miles from the place of the examination, he must be tendered mileage for the distance greater than one hundred miles. Rule 205(g).

It is clear that prior to the adoption of the Bankruptcy Rules in 1973, persons other than the bankrupt could not be required to attend an examination greater than one hundred miles from their residence. Section 41(a) of the Bankruptcy Act, 11 U.S.C. § 69(a), says:

"A person shall not, in a proceeding before a referee, . . . (4) refuse to appear after having been subpoenaed, . . . *Provided*, That a person other than a bankrupt or, where the bankrupt is a corporation, its officers, or the members of its board of directors or trustees or of other similar controlling bodies, shall not be required to attend as a witness before a referee at a place more than 100 miles from the person's place of residence or unless his lawful mileage and fee for one day's attendance shall first be paid or tendered to him."

See also *In re Cardinal Service Corp.*, 175 F.Supp. 47 (S.D.N.Y.1959) (a *claimant* may not be required to come from North Carolina to New York for an examination).

Bankruptcy Rule 205 modifies this proviso. See 2a Collier on Bankruptcy ¶ 41.0. The Bankruptcy Rules govern the practice and procedure under the Bankruptcy Act in the United States District Courts. Order of the Supreme Court dated April 24, 1973. Thus I must determine whether, and to what extent, Rule 205 has changed the previous practice.

The debtor contends that under the rules, any person may be examined at any place that the bankruptcy court determines is convenient. The debtor cites Rule 205(a) and § 21(a) of the Act, which say that "any person" may be examined, and Rule 205(e) and Rule 916 which make Rule 45(e) of the Federal Rules of Civil Procedure applicable to Rule 205 examinations. Rule 45(e) says:

" . . . A subpoena requiring the attendance of a witness at a hearing or trial may be served at any place within the district, or at any place without the district that is within 100 miles of the place of the hearing or trial specified in the subpoena: and when a statute of the United States provides therefor, the court upon proper application and cause shown may authorize the service of a subpoena at any other place."

The argument is that Rule 45(e) gives the court the authority to subpoena a person anywhere if there is a statute that so provides. The debtor contends that § 21(a) of the Act is such a statute.

For the following reasons I conclude that it is not the intention of the Bankruptcy Rules to allow a person other than the bankrupt to be subpoenaed for examination from outside the district and more than one hundred miles away.

1. Rule 205(e) says: "The attendance of any person for examination and the production of documentary evidence may be compelled in accordance with the provisions of Rule 916 by the use of a subpoena for a hearing or trial."

Rule 916 refers to Rule 45 of the Rules of Civil Procedure; paragraph (e) is the part of Rule 45 that applies to subpoenas for hearings or trials.

The Advisory Committee Note to Rule 205(e) says:

"Subdivision (e) clarifies the mode of compelling attendance of a witness or party for an examination and for the production of evidence under this rule. The subsection is substantially declaratory of the practice that has developed under § 21 of the Act. See 2 Collier ¶ 21.10 (1964). The special limitation of the proviso of § 41(a) of the Act that protects a person other than the bankrupt from being required to attend as a witness before a referee *at a place over 100 miles from his residence even though within the same district* is not retained in the rules. *The governing limits for such a person are those prescribed by Rule 45(e)(1) of the Federal Rules of Civil Procedure,* made applicable to examinations under this rule by subdivision (e) and Rule 916." [Emphasis added.]

As was discussed above, the practice under § 21 prior to the rules was that a person other than the bankrupt could not be subpoenaed from more than one hundred miles away. The only modification indicated is for persons over one hundred miles away *within the same district.* Further, the last sentence of the note indicates that it is the limits of Rule 45(e), not the escape clause, that was intended to be incorporated into Rule 205. These limits follow the proviso contained in § 41(a) of the Act except that service within the district and greater than 100 miles away is allowed.

2. The Advisory Committee Note to Rule 205(f), set out above, allowing examination of the bankrupt anywhere, says:

"Subdivision (f) is derived from the second proviso of § 7a(10) of the Act, and is not a limitation of subdivision (e). Any person, including the bankrupt, served with a subpoena *within the range of a subpoena* must attend for examination pursuant to subdivision (e). Subdivision (f) applies only to the bankrupt. *There are no territorial limits on the service of an order on the bankrupt.*" [Emphasis added.]

The phrase "within the range of a subpoena" and the distinction carefully preserved in subdivision (f) between the bankrupt and persons other than the bankrupt would be meaningless if both could be required to attend an examination anywhere.

3. Section 21(a) of the Act and Rule 205(a) allowing the examination of any person refer to who may be examined. The fact that any person may be examined does not imply that anyone may be examined *at any place.*

4. Rule 205(g) says:

"(g) *Mileage.* A person other than a bankrupt shall not be required to attend as a witness before a bankruptcy judge unless his lawful mileage and fee for one day's attendance shall be first tendered to him. If the bankrupt resides over 100 miles from the place of examination when he is required to appear for an examination under subdivision (a) of this rule, he shall be tendered mileage allowed by law to a witness for any distance over 100 miles from his residence at the date of bankruptcy or his residence at the time he is required to appear for such examination, whichever is the lesser."

The Advisory Committee Note says that subdivision (g) is a revision of the first proviso of § 7a(10) of the Act and the proviso of § 41(a) of the Act. The first proviso of § 7a(10) of the Act, 11 U.S.C. § 25(a)(10), provides that when the bankrupt is required to attend an examination he shall be paid his actual and necessary travel expenses for the distance greater than 100 miles from his residence. The proviso of § 41(a) provides for statutory mileage to be paid only to persons other than the bankrupt. It therefore appears that the revision made by Rule 205(g) is not to eliminate all territorial limitations on the subpoenaing of persons other than the bankrupt, but rather to provide that the bankrupt may be paid statutory mileage rather than actual and necessary travel expenses for his attendance.

5. Section 21(b) of the Bankruptcy Act, 11 U.S.C. § 44(b) provides that depositions may be taken in proceedings under the Bankruptcy Act. This provision allows the testimony of persons who live outside the district and more than one hundred miles away to be obtained. 2a Collier ¶ 21.20[1] at p. 332, ¶ 21.24[1] at p. 347, and ¶ 21.16[3] at p. 359 (Section 21(b) is to be utilized when the person to be examined resides outside the territorial limits of a § 21(a) examination).

The proviso of § 41(a)(4) that limits subpoena power under § 21(a) to one hundred miles is clear. It should not be assumed that this limit has been eliminated by the Bankruptcy Rules unless the change is explicit. The incorporation of Rule 45(e) of the Federal Rules of Civil Procedure explicitly extends subpoena power to any place within the district in which the person other than the bankrupt resides. It does not explicitly eliminate the territorial restriction altogether.

Therefore, I conclude that the bankruptcy judge does not have the authority to require a *person other than the bankrupt* to attend an examination outside the district of his residence and further than one hundred miles away.

On the record as it stands now, however, I am unable to determine whether Mr. Joyce is to be treated like the bankrupt, in which case he may be required to attend in Charlotte, or like a person other than the bankrupt, in which case he may not be so required. Bankruptcy Rule 901(6) says:

" '*Bankrupt*.' When any act is required by these rules to be performed by a bankrupt or when it is necessary to compel attendance of a bankrupt for examination and the bankrupt is not a natural person: . . . (B) if the bankrupt is a partnership, 'bankrupt' includes any or all of its *general* partners or, if designated by the court, any person in control." [Emphasis added.]

■ In this case, the bankrupt is a limited partnership. Judge Wooten found that Mr. Joyce is a partner but did not say whether he is a general partner or a limited partner. If he is a general partner or a person in control of the limited partnership,

he is "the bankrupt" within the meaning of the Bankruptcy Rules; otherwise he is not.

IT IS THEREFORE ORDERED that this case be remanded to the Bankruptcy Court for a determination whether the appellant is "the bankrupt" within the definition in Rule 901(6) and for further proceedings, including retraction or enforcement of the subpoena, consistent with this order.