**In re GARRETT & CO. et al.**
**Petition of TINKOFF.**

Circuit Court of Appeals, Seventh Circuit.
Jan. 27, 1943.

Paysoff Tinkoff, of Chicago, Ill., for appellant.

Simon Herr, of Chicago, Ill., for appellee.

Before EVANS and KERNER, Circuit Judges.

EVANS, C. J.

Petitioner seeks an order of this court granting him the privilege of prosecuting this appeal as a pauper, or to extend the time twenty days within which to pay costs herein, and to file typewritten, in place of printed, abstracts of briefs and to file a complete record within twenty days, and such other relief as may be just and proper.

Granting leave to appear as a pauper is, in part, dependent upon the good faith of petitioner in the prosecution of his appeal. The other relief sought by petitioner herein is addressed to our discretion and also depends upon the good faith of the petitioner. It is therefore necessary for us to consider the nature of the proceeding and the basis for the assertion of a good faith prosecution of the appeal.

Petitioner has asserted his poverty and financial embarrassment and his inability to realize any cash upon claims he says are due him which, for the purpose of this argument, we accept. He then proceeds to state what the proceeding is, namely, an involuntary proceeding in bankruptcy wherein he, as the sole petitioning creditor, sought an adjudication against the alleged bankrupt. He states that his claim is for "accounting services rendered" and is in excess of $500.

It also appears that the District Court granted petitioner leave to file his petition against the debtor without first paying filing fees and costs, but the court conditioned that permission on Tinkoff's payment of said costs within ten days. Petitioner forgot to pay the costs within said ten days or since.

From an order dismissing his petition, this appeal was taken, and the first step is to avoid the costs of the appeal.

228

Assuming for the purpose of the argument that the petitioner has shown that he is a pauper and is entitled to proceed as such, and assuming, moreover, that his promise to pay the clerk's fees within ten days was known to the court to have been made without any intention of carrying it out, and assuming further that the District Court may not allow the filing of a petition upon such condition, but that the filing of the petition is absolute even though the fees are not paid, we come to the specific question of petitioner's right to file an involuntary petition against another when he is the sole creditor and his claim was allegedly "neither fixed as to liability nor liquidated as to amount."

Petitioner's claim was for alleged services rendered as an accountant, the amount of which he asserts to be over $500, but which the alleged bankrupt refused to pay, and the bankrupt "took from the petitioner all the letters, memoranda, and working papers, without paying for the same" and informed petitioner that he could sue at law for the services if he wished to do so.

Was petitioner such a creditor as is defined in the bankruptcy law, and entitled to file an involuntary bankruptcy petition? By concession, this question is decisive of the appeal. The statute, Title 11, Section 95, U.S.C.A., the Bankruptcy Act, § 59, was amended in 1938. The section designated what creditors may file *involuntary* petitions in bankruptcy. They are only "creditors who have provable claims fixed as to liability and liquidated as to amount."

Petitioner's petition for this order elaborates somewhat the nature of his claim. Accepting his allegations, it appears he was an accountant who rendered services for the bankrupt, who in turn discharged him and forcibly took from him his "working papers, memoranda and reports" "without paying for the same" and informing him, in substance, that he would have to sue for it if he ever collected anything.

The statute was amended in 1938, apparently to prevent certain kinds of creditors from filing involuntary petitions in bankruptcy against others. It limited involuntary petitions by restricting the qualified petitioning creditors to certain designated groups. It lessened the chances of the harassing of debtors by creditors whose claims were neither fixed nor liquidated. Petitioner fails to qualify in either respect.

His claim was not "fixed as to liability." Nor was it "liquidated as to amount." This being the situation, there can not be good faith effort to prosecute these bankruptcy proceedings.

The petition is denied.