In re SILVER.

REESER et al. v. SILVER et al.

No. 10798.

United States Court of Appeals, Seventh Circuit.

May 1, 1953.

· C. E. Tate, . Champaign, Ill., for appellants.·

John L. Franklin, Champaign, Ill., John M. Mitchem, Urbana, Ill., for appellees.

Before MAJOR, Chief Judge, and DUFFY and SWAIM, Circuit Judges.

MAJOR, Chief Judge.

J. E. Reeser and Richard Reeser, doing business as J. E. Reeser and Son, R. W. Beeson, and Richard Phillips filed a creditors' petition which sought the involuntary adjudication in bankruptcy of John A. Silver and Harold A. Silver, a partnership doing business as Silver Brothers. A motion by the alleged bankrupt to dismiss was sustained. Thereupon, an amended motion was filed, and again the motion to dismiss was sustained by an order entered November 12, 1952. From this order of dismissal the appeal comes to this court.

In connection with the order of dismissal, the District Judge rendered a rather exhaustive and evidently a carefully prepared opinion, In re Silver, D.C., 109 F. Supp. 200. As will be seen from a reading of that opinion, numerous reasons were assigned in support of the motion to dismiss.

 The only issue raised in this court, however, as stated by appellants in their brief, is "whether the court was correct in holding that the petition to declare Silver Brothers an involuntary bankrupt, was not filed by three qualified petitioning creditors with provable claims fixed as to liability and liquidated as to amount." This issue is discussed in the District Court opinion, commencing on page 203 and concluding on page 204 of 109 F.Supp. The nature of the claims as well as the controlling principles of law are, so we think, adequately stated and, inasmuch as we agree with the reasoning of the court, we adopt the portion of the opinion pertaining to the issue before us as the opinion of this court.

 Inasmuch as appellants have labored the point, with the citation of numerous authorities, that the relation which existed between the creditors and the alleged bankrupt was that of creditor and debtor rather than that of bailor and bailee, we add a few words. While this alleged distinction might make a difference under some circumstances, that is, it might be relevant to the form of action which the creditors could maintain against the debtor, it is, we think, immaterial to the instant issue. In either or any event, the question remains as to whether the claims were "fixed as to liability and liquidated as to amount," as is required by Sec. 59, sub. b, as amended June 22, 1938, Title 11 U.S.C.A. § 95, sub. b. This is illustrated in In re Boulder Milling & Elevator Co., D.C., 283 F. 683, a case strongly relied upon by appellants. There, the court specifically recognized that the claim was not liquidated as to amount, but the case was decided prior to the 1938 amendment, when such a requirement was not contained in the statute. We might also add that this court in In re Garrett & Co., 7 Cir., 134 F.2d 227, sustained an order dismissing an involuntary petition because the claim was not "liquidated as to amount." The court stated in 134 F. 2d at page 228:

"The statute was amended in 1938, apparently to prevent certain kinds of creditors from filing involuntary petitions in bankruptcy against others. It limited involuntary petitions by restricting the qualified petitioning creditors to certain designated groups. It lessened the chances of the harassing of debtors by creditors whose claims were neither fixed nor liquidated."

Relevant to the same point see also another opinion of this court, In re Central Illinois Oil & Refining Co., 7 Cir., 133 F.2d 657, 660.

The order appealed from is
Affirmed.