In re **COLDIRON AND PEEPLES OIL COMPANY**, a corporation.

**Maidie O. RIEDEL, Appellant,**

v.

**COLDIRON AND PEEPLES OIL COMPANY**, a corporation, also known as **Coldiron & Peeples Oil Co.**, Alleged Bankrupt and Appellee.

**No. 19697.**

United States Court of Appeals Ninth Circuit.

Jan. 14, 1966.

Kurt W. Melchior, of Severson, Zang, Werson, Berke & Larson, San Francisco, Cal., for appellant.

Rogers, Clark & Jordan, Webster V. Clark, Ricardo J. Hecht, San Francisco, Cal., for appellee.

Before CHAMBERS, BARNES and KOELSCH, Circuit Judges.

KOELSCH, Circuit Judge:

The referee in bankruptcy dismissed an involuntary petition to have Coldiron and Peeples Oil Company, a corporation, adjudged a bankrupt. The reason, stated in his order, was that Maidie O. Riedel, the sole petitioning creditor, "was not qualified as a petitioning creditor under Section 59, subdivision b, of the Bankruptcy Act (11 U.S.C.A. 95 b)." The district court affirmed without opinion and petitioner has appealed.

Section 59 b currently requires a sole petitioner to have a provable claim against the alleged bankrupt; the claim must not be contingent as to liability; and it must be in the amount of at least $500 in excess of the value of any security held for its payment. An unliquidated claim "shall not be counted * * * if the court determines that the claim * * * cannot be readily determined or estimated to be sufficient * * * to aggregate $500, without unduly delaying the decision upon the adjudication."

The referee did not rest his decision on the ground that the petitioner's claim was not provable or was contingent, but rather on the ground that the claim could not be "readily determined or estimated to be sufficient * * * to aggregate $500 without unduly delaying the decision upon the adjudication."

Section 59 b was last amended in 1962. Prior to that time—at least from 1938 on—it peremptorily disqualified holders of unliquidated claims from joining in or initiating an involuntary petition.[1] The reason that had prompted the 1938 Amendment was to prevent the necessity of holding protracted hearings into a matter not directly relating to the question of bankruptcy and to expedite the determination of whether or not the debtor should be adjudicated.[2] However, this strict limitation, says Collier "was criticised for the opportunities that it gave a debtor of defeating a petition by

1. Under Section 59 b, as amended by the Chandler Act in 1938, the claims had to be "fixed as to liability and liquidated as to amount."

It is true that the Section was again amended in 1952. However, this amendment made no change in the requirement of liquidity of the claim, for it simply provided that the claim be "liquidated as to amount and not contingent as to liability."

2. Prior to the passage of the Chandler Act in 1938, the holder of an unliquidated claim was a qualified petitioner. The House Report which supported the 1938 amendment pointed out that " ' * * *

the change suggested excluded the necessity of passing upon and determining contests which are but collateral to the principal issues.' " (Quotation is found in 2 U. S. Code Cong. and Adm.News 87th Cong. 2d Sess. p. 2606).

Speaking of the amendment, the 7th Circuit In re Garrett & Co., 134 F.2d 227, 228 (7th Cir. 1943) opinioned that "The statute was amended in 1938, apparently to prevent certain kinds of creditors from filing involuntary petitions in bankruptcy against others * * * It lessened the chances of the harassing of debtors by creditors whose claims were neither fixed nor liquidated."

denying liability to one or more of the petitioning creditors or of contesting the amounts of the claims." 3 COLLIER on BANKRUPTCY, 14th ed., 59.14(2), p. 599.

■■ The 1962 Amendment reflects a change in the Congressional attitude. Holders of unliquidated claims are no longer disqualified simply because of the nature of their claim but whether their petitions may or may not be prosecuted is to be determined on a case to case basis; the resolution of the question is for the bankruptcy court which is to reject the petition only if, after considering all relevant factors, it concludes that the inquiry into the collateral matter would "unduly" delay decision on the merits.[3] We believe that determination is one committed to the discretion of the court.[4]

■ The parties submitted the matter to the referee on a record consisting of the petition, the answer to the petition and several attached exhibits. No good purpose would be served by detailing the facts which the pleadings and exhibits tend to show. Suffice to say it appears from them that the claim assertedly arose out of thirteen bilateral contracts. Petitioner was not a party to these contracts but contends she later succeeded to them because she had guaranteed one of the contracting parties' obligations to yet another. Aside from suggesting several very nice questions of subrogation under applicable California law, the pleadings manifest the existence of a genuine factual dispute, going not only to the probable amount of the claim, but to each of the several items which petitioner relied upon to make it up.

Far from establishing that the referee's determination constituted an abuse of discretion because clearly arbitrary and utterly lacking rational support, the

3. The Senate Report recommending passage of the 1962 Amendment pointed out in the following quotation the objectionable features of the then law and safeguards provided in the bill:

"As it presently reads, section 59 b forecloses a creditor with a large unliquidated claim—e. g., one for breach of contract—from joining in a petition, although it can be made abundantly clear that his claim exceeds the statutory minimum of $500. Indeed, the bankrupt, by urging counterclaims against the apparently liquidated claims of the petitioning creditors, may remove them from the category of claims 'liquidated as to amount' and procure a dismissal of the petition. This may be the result notwithstanding the fact that, even after the counterclaims are allowed in full, the petitioners' claims fulfill the statutory requirements. A determination of whether a creditor whose claim clearly exceeds $500 is an eligible petitioner does not appear to entail any serious distraction from the 'principal issues.' The advantage of simplifying proceedings to expedite adjudication or dismissal should be weighed against the desirability of allowing the rights of creditors with unquestionable claims to join in a petition notwithstanding the fact that the precise amount of the claim has not yet been determined.

The liberalization of the requirements respecting petitioning creditors so as to include those with unliquidated claims where the aggregate of all the petitioners' claims satisfies the statutory requirement of $500 seems eminently desirable, although it may require some small additional time to ascertain or make a reasonable estimate of the minimum amount of such claims. Claims which are incapable of liquidation or of a reasonable estimation without undue delay should not be considered, of course, in determining compliance with any requirement phrased in terms of a particular amount, and the proposed amendment accordingly excludes such claims from the computation." 2 U.S. Code Cong. and Adm.News 87th Cong. 2nd Sess., pp. 2606–2607.

4. Section 63 b of the Bankruptcy Act of 1898 relating to liquidation of provable claims prior to their consideration for allowance contained this language similar to that presently contained in Section 59 b: "Unliquidated claims against the bankrupt may, pursuant to application to the court, be liquidated in such manner as it shall direct and may thereafter be proved and allowed against the estate." Speaking of this section, the Supreme Court observed that "The result is to invest the court with a discretionary power that can be fitted to the needs of varying situations." Brown v. O'Keefe, 300 U.S. 598, 605, 57 S.Ct. 543, 547, 81 L.Ed. 827 (1937).

record is prophetic of a lengthy hearing to resolve a mere preliminary issue. In the interim, Coldiron would labor under the cloud of bankruptcy.

The order of the District Court is affirmed.